————o————

NAT'L BANKING AND INS. Co., Plaintiff in Error, *vs.* FRED. KNAUP, Defendant in Error.

1. *Insurance Companies—Failure to affix common seal to Insurance policy.*— In the absence of any requirements to that effect in the charter, the failure of an Insurance Company to attach its common seal thereto will not invalidate a policy issued by the corporation.
2. *Demurrer—Final judgment—Review.*—The action of the trial court in overruling a demurrer, where no final judgment was rendered thereon, cannot be made the subject of review in the Supreme Court.
3. *Demurrer—Motion to strike out—How brought up.*—A demurrer and the action of the court thereon form a part of the record, and when the party stands upon his pleading it may be brought up without a bill of exceptions; but a motion to strike out, unless so preserved, forms no part of the record and cannot be carried up to the Supreme Court.

*Error to Cole Circuit Court.*

*Lay & Belch,* for Plaintiff in Error.

*Edwards & Son,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action on the following instrument of writing:

"$750. For value received in policy No. 1, dated the 23rd day of October, 1865, issued by National Banking and Insurance Company, I promise to pay said company the sum of seven hundred and fifty dollars in such proportions, and at such time or times, as the directors of said Company may agreeably to their act of incorporation require.

F. KNAUP."

The defendant filed an amended answer setting up several different and distinct defenses. The plaintiff demurred to the answer, and the demurrer was sustained to all the defenses except the first and second.

The first defense alleged, "that the plaintiff was not authorized nor empowered by the said act of the general assembly of the State of Missouri, approved January the 8th, 1863, creating it a body politic and corporate, to make insurance under the mutual division (thereof) upon the said City Hotel, the property of the defendant, and therefore, the said pretended policy of insurance in the plaintiff's petition mentioned was and is void."

The second defense set forth the 8th section of the act of incorporation, separating the insurance department of the company into two divisions, called respectively the joint stock division and mutual division; that under the mutual division, under which the policy and note were made, no power was given to insure the defendant's property—the City Hotel; that the plaintiff wrongfully and without any authority assumed to issue said policy, without the common seal of plaintiff being thereto affixed, and that said note was given solely in consideration of said policy, and is without consideration and void.

The plaintiff filed a replication to these two defenses, which on motion was stricken out by the court, and the clerk recites that the plaintiff excepted. But there was no bill of exceptions signed or filed to this action of the court.

The record then recites, that the plaintiff offered to read the

act of incorporation, but there was no bill of exceptions preserving any of the evidence, and the act of incorporation is not copied into the record.

At the next term of the court, a judgment was entered up *nunc pro tunc* as of the previous term in favor of the defendant. The plaintiff then filed a motion in arrest of the judgment, alleging as reasons therefor that the demurrer to the first and second defenses was improperly overruled, and that the motion to strike out the replication was erroneously sustained.

This motion was overruled, and to this action of the court a bill of exceptions was duly signed and filed.

1. The first and second defenses demurred to amounted to the same defense; that is, that the company had no authority to issue the policy, which formed the consideration of the note sued on. If the authority existed to issue the policy, it would have been good without the common seal of the company unless the charter required such seal to be affixed. But the power to issue it in any shape is denied in each of these defenses, and they constitute a complete bar to plaintiff's recovery. The demurrer was therefore properly overruled; but the plaintiff did not stand on it, and there was no final judgment on it.

2. As there was no bill of exceptions filed to the action of the court in striking out the replication, we cannot pass upon this point. The difference between a demurrer and a motion to strike out is, that the demurrer, and the action of the court on it, form a part of the record proper where the party stands on it. But a motion to strike out a pleading does not become a part of the record, unless it be preserved by a bill of exceptions.

Judgment affirmed. The other judges concur.