W. T. HUBBARD, Defendant in Error, v. J. T. QUISENBERRY, Plaintiff in Error.

Kansas City Court of Appeals, November 19, 1888.

| | |
|---|---|
| 32a | 459 |
| 32a | 451 |
| 32 | 459 |
| 50 | 332 |
| 51 | 637 |
| 32 | 459 |
| 77 | 301 |
| 32 | 459 |
| 84 | 580 |
| 32 | 459 |
| 98 ¹ | 31 |

1. **Practice**: MOTION TO STRIKE OUT PLEADINGS NOT INCORPORATED IN BILL OF EXCEPTIONS: CASE ADJUDGED. Where, as in this case, there was a motion to strike out the amended statement of the plaintiff, but no such motion was incorporated in the bill of exceptions. *Held* that the condition of the record precludes a consideration of the imputed error; and that motions can be brought to the knowledge of an appellate court only by a bill of exceptions.

2. ———: DISTINCTION BETWEEN DEMURRER AND MOTION TO STRIKE OUT. The difference between a demurrer and a motion to strike out is, that the demurrer and the action of the court on it form a part of the record proper where the party stands on it; but a motion to strike out a pleading does not become a part of the record, unless it is preserved by a bill of exceptions. (*Banking Co. v. Knaup*, 55 Mo. 154).

3. ———: OBJECTION TO INTRODUCTION OF EVIDENCE, NOT SET FORTH IN MOTION FOR NEW TRIAL: CASE ADJUDGED. Where, as in this case, objection was made to the introduction of any evidence under the amended statement, for the reason that the action could not be maintained upon such statement, which was overruled by the trial court and exception was noted, and the objection with the ruling and the exception is set out in the bill of exceptions, but the motion for new trial failed to mention such objection and ruling. *Held* that this court will only review the record proper in a case, as here, when it fails to appear that any exception was taken to the action of the trial court in overruling a motion for a new trial; and it is not enough that the action of the trial court in overruling the objection to the introduction of evidence appears in the body of the bill of exceptions,—the attention of the trial court should have been specifically .called to the error here complained of in the motion for a new trial. (*State ex rel. v. Burckhartt*, 83 Mo. 430). *Held* further that the only office of a motion in arrest is to present the record proper; it cannot be made to perform the functions of a motion for new trial, which presents matters of exception arising wholly from the action of the court in the progress of the trial.

4. ———: WAIVER OF ERROR COMPLAINED OF BY GOING TO TRIAL: CASE ADJUDGED. Although objection be made, as in this case, to an amended statement which was overruled, the defendant having gone to trial on the amended statement waived the error, if any, in permitting the amendment.

5. ———: INSTRUCTIONS : GIVING AND REFUSING OF : CASE ADJUDGED. The court, after careful consideration of the instructions given in this case, holds that they fairly covered the law of the case, and presented the respective theories of the parties as developed by the evidence ; and that no error was committed in the refusal of others which were asked.

6. **Landlord and Tenant**: TENANCY IN COMMON : CONTRACT BETWEEN TENANTS. A contract of tenancy may exist between tenants in common. One tenant in common can lease his interest to his companion.

*Error to Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

The case is stated in the opinion.

*Cosgrove & Johnston,* for the plaintiff in error.

(1) The cause of action stated in the original complaint filed before the justice, was for "use and occupation." It in no manner showed that the relation of landlord and tenant existed. The statute (Laws of 1883, p. 104) requires in this kind of a suit in justices' courts that the plaintiff must state his cause of action in writing, differing in this regard from most suits instituted before justices of the peace. Defendant in error could not have recovered upon the original complaint, as it stated no cause of action. *Edmonson v. Kite,* 43 Mo. 176; *Bank v. Aull,* 80 Mo. 199. The amended complaint was an entire change of the cause of action sued on and tried in the justice's court. It was error to allow defendant in error to amend his complaint, by setting up an entirely new and different cause of action. R. S. sec. 3060; *Mitchell v. Railroad,* 82 Mo. 103. (2) A tenant in common is only liable to his co-tenant, as bailiff or receiver and this relation can only arise by contract. The parties were tenants in common : this fact is not disputed. The evidence also shows that there was no agreement or contract of renting : the evidence of both plaintiff and defendant in error shows that they were

not able to contract. "Their minds did not meet."
There is no evidence tending in any degree to show that
defendant in error offered to occupy the common prop-
erty with plaintiff in error, who had a perfect legal right
to occupy and cultivate the whole of the common estate.
Plaintiff in error did not, by virtue of his occupancy and
cultivation, become liable to pay rent to his co-tenant.
*Ragan v. McCoy*, 29 Mo. 356; Freeman on Co-Ten. and
Part. sec. 286; *Reynolds v. Hilmeth*, 45 Iowa, 693;
*Pico v. Columbert*, 12 Cal. 414. (3) There was no con-
tract of renting. The defendant in error placed the
rental value of the land at eighty dollars and said he
would expect that if plaintiff in error occupied it during
the year 1885. Plaintiff in error absolutely refused to
pay or to agree to pay that price. He said it was only
worth fifty dollars per annum. This is the only attempt
to contract as shown by the evidence; the law requires
something more to constitute a contract. Bishop
on Cont. [Enlarged Ed.] secs. 78, 328, and 334; *Brown
v. Rice*, 29 Mo. 322; *Eads v. Carondelet*, 42 Mo. 117;
*Wire Co. v. Broderick*, 12 Mo. App. 383. (4) The stat-
ute contemplates that before the writ of attachment
shall issue there must have been a contract of renting.
R. S. sec. 3083. The instructions one, two, three and
four given to defendant in error should not have been
given. (5) It was error to give the second instruction
of defendant in error, and to refuse the fifth instruction
prayed by plaintiff in error. *Gilliam v. Ball*, 49 Mo.
249. (6) The sixth instruction asked by plaintiff in error
should have been given. *Ragan v. McCoy*, 29 Mo. 356;
Freeman on Co-Ten. and Part. sec. 286; *Pico v. Columbet*,
12 Cal. 414.

*A. L. Ross* and *Draffen & Williams*, for the
defendant in error.

(1) The court below properly permitted the plain-
tiff to file the amended statement. R. S. 1879, sec. 3060;
*Newberry v. Friede*, 23 Mo. App. 631; *Allen v. McMon-
agle*, 77 Mo. 478; *Robertson v. Railroad*, 21 Mo. App.

633; *Vaughn v. Railroad*, 17 Mo. App. 4. (2) This court, however, cannot review the action of the trial court in permitting the amendment. (*a*) No objection was made to its being filed. The motion to strike out the amended statement, and the action of the court thereon, are not preserved in the bill of exceptions. "A motion to strike out a pleading does not become a part of the record, unless it be preserved by bill of exceptions." *Banking Co. v. Knaup*, 55 Mo. 154; *Ober v. Railroad*, 13 Mo. App. 81; *Estey v. Post*, 76 Mo. 411. (*b*) The motion for a new trial did not call the attention of the trial court to the error complained of, and hence this court is precluded from considering it. *Lewis v. Maxey*, 9 Mo. App. 597; *Rotchford v. Creamer*, 65 Mo. 48. The motion in arrest cannot be made to perform the functions or take the place of a motion for a new trial. *White v. Caldwell*, 17 Mo. App. 691. (*c*) No exception was saved to the action of the court in overruling the motion for a new trial. *St. Joseph v. Ensworth*, 65 Mo. 628; *State ex rel. v. Hitchcock*, 86 Mo. 231. (*d*) The defendant voluntarily went to trial upon the amended petition. *Scoville v. Glassner*, 79 Mo. 449, 454; *Hamlin v. Caruthers*, 19 Mo. App. 567. (3) The instructions, both of plaintiff and defendant, require the jury to find a contract of renting, and the case was tried on that theory. The law was fairly declared. *Grigsby v. Fullerton*, 55 Mo. 309; *Railroad v. Thompson*, 2 West. Rep. 835; *Railroad v. Ludwig*, 6 Mo. App. 583; *Hay v. Walker*, 65 Mo. 17. (4) There was evidence to justify the instructions. Defendant expressly recognized his obligation to pay rent; they differed simply as to the amount. In such cases the law implies a promise to pay a reasonable rent. To create the relation of landlord and tenant it is unnecessary that the amount of rent should be agreed upon. In a case somewhat similar to this the supreme court said: "When he continued to hold and enjoy these same privileges after the time had expired for which payment had been made, a

promise was thereby implied on the part of the defendant to pay plaintiff for said use and occupation at least what it was reasonably worth." *Grigsby v. Fullerton*, 57 Mo. 309. Where the circumstances show that the parties intend that compensation shall be made, and they do not agree upon the price, the law will imply a promise to pay the reasonable value thereof. (5) The fact that the defendant owned an interest in the land did not prevent his renting plaintiff's undivided interest therein. The plaintiff would have the same remedy against him as against a stranger. Freeman on Cotenancy and Partition, secs. 164, 268. (6) The plaintiff's second instruction was properly given, and the defendant's fifth properly refused. The question as to whether the plaintiff was in danger of losing his rent by reason of the disposition of the crop, "was not to be determined with reference to any property the tenant may have [had] elsewhere." *Haseltine v. Ausherman*, 87 Mo. 410. (7) The principle announced in defendant's sixth instruction is the same as that given in his first, second and third. It was not error to refuse to give another instruction on the same point. *White v. Groves*, 68 Mo. 218; *Shaefner v. Leahy*, 21 Mo. App. 110. (8) The judgment was for the right party,—substantial justice was meted out to the defendant.

RAMSAY, J.—A judgment rendered in this suit in the Morgan county circuit court in favor of W. T. Hubbard, the defendant in error herein, was, on November 21, 1887, by the decision of this court, reversed and remanded. *Hubbard v. Quisenberry*, 28 Mo. App. 20. The amended petition, upon which the cause was tried, alleged substantially that, on the first day of March, 1885, plaintiff was the owner of an undivided fifteen-sixteenths interest in certain lands situated in Morgan county ; that the defendant entered into possession of said land and occupied the same as the tenant of the plaintiff and under an agreement with the plaintiff to pay to him on or before the end of the year a reasonable rental for plaintiff's undivided interest therein, and

continued to use the same under said agreement from March 1, 1885; that defendant was entitled to use the same under said tenancy to March 1, 1886, and that the reasonable rental of said land for said time was eighty dollars, etc. Plaintiff asked a judgment for his interest in said land, the sum of seventy-five dollars. It appears from the record that this amended petition was filed in the Morgan county circuit court on April 26, 1886, in lieu of an original statement, to which was appended an affidavit, under the landlord and tenant act, for an attachment, which alleged: "That plaintiff has a just demand against J. T. Quisenberry, the defendant, and that the amount which the affiant believes plaintiff ought to recover, after allowing all just credits and set-offs, is seventy-five dollars, now due, and that he has good reason to believe, and does believe, that defendant is attempting to dispose of, and is disposing of, the crop grown on the demised premises mentioned in the accompanying petition, so as to endanger, hinder or delay the landlord therein mentioned from the collection of his rent, and that he believes that unless an attachment issue he will lose his rent due him from the defendant." The judgment of the circuit court, above mentioned, was reversed because the trial court refused to permit the defendant, after plaintiff filed the amended statement, to file a plea in abatement offered there. After the cause was remanded, on the tenth day of February, 1888, Quisenberry appeared in the circuit court of Morgan county and filed his plea in abatement, denying the allegations in plaintiff's affidavit for attachment, and after a mistrial in the circuit court of Morgan county, the cause was sent on change of venue to the circuit court of Cooper county, where a trial was had, first upon the plea in abatement, afterward upon the merits, each resulting in a verdict and finding for Hubbard, the defendant in error, and the cause is brought to this court upon writ of error.

I. Counsel for Quisenberry contend here that the trial court erred in overruling their motion to strike out the amended statement of the plaintiff Hubbard. The

condition of the record precludes a consideration of this imputed error. No such motion is incorporated in the bill of exceptions. It seems to be well settled in this state that motions can be brought to the knowledge of an appellate court only by a bill of exceptions. In *Ober v. Railroad*, 13 Mo. App. 81, in speaking of the practice in this regard, THOMPSON, J., says: "What purports to have been the motion is copied at length into the transcript by the clerk, but this we cannot notice, for any purpose, without disregarding a rule of practice which has long been settled and constantly acted upon by the supreme court and by this court. * * * As the purport of this motion is not, therefore, properly brought to our attention, we must presume that the court rightly overruled it."

In *Nat'l Banking & Ins. Co. v. Knaup*, 55 Mo. 154, ADAMS, J., draws this distinction: "The difference between a demurrer and a motion to strike out is, that the demurrer and the action of the court on it form a part of the record proper, where the party stands on it, but a motion to strike out a pleading does not become a part of the record unless it is preserved by a bill of exceptions."

In *Jefferson City v. Opel*, 67 Mo. 394, HENRY, J., says: "A clerk cannot make anything a record which he pleases to write in the order book or sees fit to copy into a record. Nothing but the record proper is a part of the record until made so by being copied into the bill of exceptions, a mere reference to motions and instructions in the bill of exceptions by citing the page on which they appear, on what the clerk pleases to certify as the record, will not suffice. They must be copied in full." He cites *United States v. Gamble & Bates*, 10 Mo, 459 ; *State v. Wall*, 15 Mo. 208 ; *Christy's Adm'r v. Myers*, 21 Mo. 112; *State v. Shehan*, 25 Mo. 565 ; *Sturdevant v. Walkins*, 47 Mo. 177.

Though the clerk, in this instance, has copied what purports to have been the motion in two places in what is certified as a transcript of the record, it is not

mentioned in the motion for a new trial, either in trial of the plea in abatement or upon the merits.

Counsel for Quisenberry, in this court, seek to avoid the preclusion imposed by the condition of the record by arguing that at the commencement of the trial upon the merits they interposed an objection to the introduction of any evidence under the amended statement, for the reason that the action could not be maintained upon said statement, the plaintiff and defendant being tenants in common, and for the reason that the amendment was an entire change of the cause of action from that set out in the original statement, which was overruled by the trial court, and exception was noted. It is true that this objection, with the ruling of the court and the exception of counsel thereto, is set out in the bill of exceptions filed on the trial of the merits of the cause. But we have been confronted with another difficulty. The motion for a new trial filed therein failed to mention or call the attention of the trial court to such objection and ruling. Nor were any exceptions saved to the action of the court in overruling the motion for a new trial which was filed. "No exceptions can be taken on appeal or writ of error to this court to any proceedings had in the progress of the trial in the court below, which are of such a nature that they do not appear on the face of the record, nor become a part of the record, without being made so by a bill of exceptions, unless they have been expressly decided by the court below * * * and in order that it may appear that such exceptions have been expressly decided by the court below, there should be a motion for a new trial, which should appear in the bill of exceptions as overruled *and an exception should be taken to the decision of the court thereon.*" *State v. Marshall*, 36 Mo. 400 ; *White v. Caldwell*, 17 Mo. App. 691 ; *Lewis v. Moxy*, 9 Mo. App. 597 ; *Rotchford v. Creamer*, 65 Mo. 48 ; *St. Joseph v. Ensworth*, 65 Mo. 628.

This court will only review the record proper in a case, when it fails to appear that any exceptions were taken to the action of the trial court in overruling the

motion for a new trial. *State ex rel. v. Dopkins*, 66 Mo. 231. It is not enough that the action of the trial court in overruling the objection to the introduction of evidence appears in the body of the bill of exceptions. The attention of the trial court should have been specifically called to the error here complained of in the motion for a new trial. *Bollinger v. Currier*, 79 Mo. 318 ; *State ex rel. v. Burckhartt*, 83 Mo. 430.

It was decided in *Jones v. Manley*, 58 Mo. 559, that where a motion to strike out a pleading is set out in full and preserved in the bill of exceptions, it stands upon the same footing as a demurrer and need not be mentioned in a motion for a new trial. But that was not done in this case. Hence the only office we can assign to the motion in arrest, which is properly preserved in the bill of exceptions with the action of the court and exceptions to its ruling thereon, is to present to us the record proper, viz., the petition, affidavit, summons, and subsequent pleadings, including the verdicts and judgments on the plea in abatement and on the merits. It cannot be made to perform the functions of a motion for new trial and present for our consideration matters of exception arising wholly from the action of the court in progress of the trial. *White v. Caldwell, supra.* Section 3774, Revised Statutes, 1879, provides that : " No exception shall be taken in an appeal or writ of error to any proceedings in the circuit court except such as shall have been expressly decided by such court." It is to give force and effect to this statute that appellate courts constantly require that matters of exception should be called to the attention of trial courts in motions for new trials followed by exceptions to the actions of trial courts in overruling such motions. But aside from these considerations, the defendant having gone to trial on the amended statement waived the error, if any, in permitting the amendment. *Scovill v. Glasner*, 79 Mo. 449 ; *Fuggle v. Hobbs*, 42 Mo. 541.

It follows from what has been said that we cannot consider the merits of some of the points raised by

counsel for the plaintiff in error.    Indeed little is left save the action of the trial court in giving and refusing instructions at the trial upon the plea in abatement.

II.    It appears from the evidence introduced by plaintiff that the land in question originally belonged to a Mrs. Mattox.    She died leaving heirs interested in the land and one Wendleton administered upon her estate.    Wendleton rented the land from March 1, 1882, to March 1, 1883, to Quisenberry, who entered into possession of the land as tenant of the administrator. During this year Hubbard purchased about one-half of the interests of the heirs in the land.    Before the expiration of the year the administrator informed Quisenberry that he had turned the land over to the legal owners.    About March 1, 1883, Quisenberry went to see Hubbard and informed him that he could not get away and that he wanted the place for that year.    Hubbard (who was then sick) told Quisenberry to remain on the place that year and when he, Hubbard, got able they would make more positive arrangements about it.

Quisenberry remained on the place during the season of 1883 and in December of that year, the parties had some difficulty in adjusting the rent for that year, but the rent was finally paid by Quisenberry to John Wendleton who was acting as agent for Hubbard.    At this time Hubbard had purchased all but a few of the interests of the heirs in the land, and it appears that he gave Quisenberry notice that he would want possession of the place in March, 1884.    Some time between January and March, 1884, Quisenberry purchased an outstanding twenty-fourth interest in the land, and by reason of this purchase, it seems, defeated Hubbard in a suit for possession of the place.    In March, 1884, after the suit for possession was decided, Hubbard and Quisenberry conversed with each other about the rent for the year 1884, Hubbard stating that he would expect rent for his interest in the land at the rate of eighty dollars for the whole place, and Quisenberry stating that he would not pay eighty dollars a year for it, that he would pay fifty dollars—what he had been

paying before that. Quisenberry remained in possession during the year 1884, and held over during the year 1885. Other evidence was introduced tending to show that a crop of corn raised on the place in the season of 1885 had been cut up and shocked in the field, and that at the time of the institution of this suit, Quisenberry was feeding it out to certain beef cattle and stock cattle. Quisenberry admitted entering into possession as tenant under the administrator of the Mattox estate, but testified that no contract was ever entered into between him and Hubbard.

Under the statement, affidavit, plea in abatement and evidence, two issues were presented—whether the relation of landlord and tenant existed between the parties and whether the tenant was, at the time suit was commenced, disposing of the crop or intending to dispose of the crop, so as to endanger, hinder or delay the landlord in the collection of rent. We are not prepared to say that there was no evidence tending to establish the tenancy or the disposition of the crop as alleged in the affidavit for attachment. These were questions of fact to be determined by the jury under proper instructions. It is a wise feature of our law which rests the decision of such questions with the trial court or jury trying the cause, where the manner of witnesses, the character and conduct of litigants are protrayed at the trial, in a manner which can never be transcribed upon the pages of a record.

The court upon behalf of plaintiff Hubbard instructed as follows :

"1. The jury are instructed that it is wholly unnecessary for the plaintiff to show that there was any express contract between the plaintiff and defendant for the renting of the plaintiff's undivided interest in the lands in dispute to the defendant, or that they ever agreed upon the amount of rent to be paid therefor, but if the jury believe from the evidence that the defendant originally rented the land from the administrator of one Mattox, and went into possession under said renting,

and while he was in possession he was informed by said administrator that he had turned the land over to the legal owners thereof, and that the defendant knew that the plaintiff was owner of an undivided interest in said lands which he had acquired from the heirs of Mattox, and that the defendant continued in possession of said lands with the permission of the plaintiff, he intending to pay and the plaintiff intending to charge rent for the plaintiff's undivided interest in said lands, then the relation of landlord and tenant existed between them, and the defendant is liable for the reasonable rental value of the plaintiff's undivided interest in the lands in controversy, and it is immaterial that the defendant has also acquired an undivided interest in said lands.

" 2.  The jury are instructed that the landlord has a lien upon the crop grown upon leased premises in any year for the rent of said year and the tenant has no right to use the crops, so as to defeat the enforcement of said lien ; and if the jury shall find from the evidence that at or about the time of the institution of this suit defendant was disposing of the corn raised upon the land in controversy, or that he intended to and was about to dispose of the same by feeding said corn to his stock without paying the rent, and so as to endanger, hinder or delay the plaintiff in the collection of his rent, then the jury must find the issues for the plaintiff, even though the jury may believe that the defendant had other property or money, provided the jury shall believe from the evidence that the defendant occupied the land under an implied contract of renting with the plaintiff as defined in the first instruction for the plaintiff.

" 3.  Although the jury may believe that the amount of the rent to be paid for the plaintiff's undivided interest in the land in controversy was never agreed upon, yet if the jury believe that the defendant occupied the land with the permission of the plaintiff, and that the defendant expected to pay, and the plaintiff expected to charge him the rent therefor, then the

law will imply a contract upon the defendant's part to pay plaintiff the reasonable rental value of the plaintiff's interest in said lands.

"4. The fact that the defendant acquired an undivided interest in the lands in dispute, did not authorize him to take exclusive possession of the lands in controversy, nor would it release him from the payment of rent for the plaintiff's undivided interest therein, if defendant occupied it with the permission of the plaintiff, and with the expectation upon the defendant's part to pay and upon the plaintiff's part to receive rent therefor.

"5. It is no defense to the issue upon trial before this jury that the defendant may have worked upon or improved in any way the lands in dispute, and the jury will not take any such matter in consideration in making up their verdict."

And at the request of the defendant Quisenberry, the court instructed as follows :

"1. Unless the jury shall believe from the evidence that plaintiff rented the land mentioned in the evidence to defendant, or that defendant recognized the plaintiff as his landlord, or that there was a contract expressed or implied existing between them for the payment of rent by the defendant to the plaintiff you will find your verdict for the defendant.

"2. The court instructs the jury that it devolves upon the plaintiff to prove to your satisfaction that at the time of commencement of this suit the defendant was the tenant of the plaintiff and as such was liable to pay him rent for land, and that he was in some manner disposing or attempting to dispose of the crop grown on said land so as to endanger, hinder or delay the plaintiff from the collection of his rent, and unless you believe that such proof has been made you will find your verdict for the defendant.

"3. Although the jury may believe from the evidence that during the year 1885 the defendant occupied certain lands in which the plaintiff had an interest, and raised a crop thereon, yet if you further believe that the

relation of landlord and tenant did not exist between plaintiff and defendant, and that defendant had never agreed or promised to pay plaintiff rent therefor, and had never recognized him as his landlord, then you will find your verdict for the defendant."

These instructions fairly covered the law of the case, and presented the respective theories of the parties as developed by the evidence.

The fourth instruction asked by counsel for plaintiff in error was properly refused. It presented a question with which the jury could have no concern, a purely legal question that was for the court, when raised at a different time and in a different manner. As long as the amended statement is recognized by the court it stands in lieu of the original statement and no issue growing out of the latter, or based upon it, could be properly submitted to the jury.

No error was committed in the refusal of the fifth instruction. The fact that Quisenberry was solvent and owned other property than the crop grown on the demised premises could not avail him as a defense. *Haseltine v. Ausherman*, 87 Mo. 410.

The sixth instruction contained no principle of law but that had been fully recognized by the court and given in the first three asked and given on behalf of Quisenberry. The cause was tried upon the theory that the relation of landlord and tenant had to be established to warrant a finding for Hubbard. It may be conceded that if they were mere tenants in common, and no contract, express or implied, of tenancy existed between them, Hubbard would not be entitled to a right of attachment under the landlord and tenant act, but it by no means follows that if they were tenants in common, a contract of tenancy could not exist between them. One tenant in common can lease his interest to his companion. Taylor on Land. and Ten., sec. 115. Under such circumstances there can be no question, we think, that the relation of landlord and

tenant would exist, with all of the rights incident to such relation.

Finding no error in the instructions, the only matter properly before us, the judgment of the lower court should, in our opinion, be affirmed. It is so ordered. All concur.