PATRICK KANE, Appellant, v. CHARLES DAUERNHEIM, Respondent.

St. Louis Court of Appeals, December 6, 1892.

1. **Justices' Courts:** JUDGMENT ON DEMURRER TO PETITION. No such thing is known to the law as a demurrer to the statement of the cause of action in a suit instituted before a justice of the peace,

and, therefore, there cannot be therein a judgment upon such a demurrer in the circuit court on appeal from the judgment of the justice.

2. ———: ———: PRACTICE, APPELLATE. Nor can this court treat the demurrer as a motion to dismiss, when it is not made a part of the record by bill of exceptions.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Gerolt Gibson*, for appellant.

*Rufus J. Delano*, for respondent.

ROMBAUER, P. J.—The record in this case shows the folly of a departure from established rules and precedents. The plaintiff brought an action before a justice of the peace for the recovery of $300. The basis of his action, according to his statement filed before the justice, was an alleged equitable claim arising out of the following facts. The plaintiff, as constable, levied several executions in favor of the defendant on property exempt from execution. He sold the property and applied the proceeds on such executions. Subsequently he was sued by the execution debtor and compelled to refund the money, and he now seeks to recover it from the defendant as money applied to the executions by mistake.

In the circuit court the defendant filed a *demurrer* to the plaintiff's statement, and the court sustained the demurrer. The plaintiff declining to amend his statement, the court entered the following judgment: "The plaintiff declining to further amend the *petition* herein, it is ordered that final judgment be entered herein in favor of the defendant *on the demurrer.*" The plaintiff thereupon at once took an appeal to this court.

This entire proceeding is irregular. As no such thing is known to the law as a demurrer to a statement filed in a justice's court, there can be no such thing as a judgment upon demurrer in proceedings originating before a justice. Nor can we treat the so-called demurrer as a motion to dismiss, or a motion to strike out, because it is not made part of the record by bill of exceptions, as motions must be. *Kohn v. Lucas*, 17 Mo. App. 30; *National Banking Co. v. Knaup*, 55 Mo. 154; *Hubbard v. Quisenberry*, 32 Mo. App. 459.

There is, therefore, nothing properly before us, except the fact that the court rendered an informal judgment in this case upon an unauthorized pleading, which does not even form part of the record. If the parties desire to save the expenses of a trial, they can agree upon the facts in writing and submit them to the trial court, and appeal from its judgment. This court is not a moot court. It can only decide such questions as arise upon the *record brought before it* by appeal or writ of error.

The judgment is reversed and the cause remanded. All concur.