JOSIE H. ANDERSON, Appellant, v. BENT McCLURE, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. Forcible Entry and Detainer: DEMURRER.   In actions instituted in justices' courts, such as an action of unlawful detainer, the law does not contemp'ate the filing of a demurrer to the complaint either before the justice or in the circuit court.   But, where such a demurrer is filed in the circuit court and is made a part of the record by the bill of exceptions, it may on appeal to this court be treated as a motion to strike out or dismiss the complaint.

2. ———: HOLDING OVER BY TENANT OR SUBTENANT: DEMAND FOR POSSESSION. When lands are willfully and without force held over by a tenant or subtenant after the expiration of the term of the former, the landlord can maintain an action of unlawful detainer therefor without making any demand for the possession.

*Appeal from the Dunklin Circuit Court.*—Hon. John G. Wear, Judge.

Reversed and remanded.

*Wilson Cramer* and *J. P. Tribble* for appellant.

The court erred in sustaining the demurrer. *Kane v. Dauernheim*, 51 Mo. App. 635. The complaint is sufficient. It alleges that defendant's term ended at a time certain, and no demand was necessary. R. S. 1889, sec. 5089; *Witte v. Quinn*, 38 Mo. App. 681; *Hyde v. Goldsby*, 25 Mo. App. 29; *Silvey v. Summer*, 61 Mo. 253.

No brief filed for respondent.

Bond, J.—The plaintiff filed a complaint before a justice of the peace for an unlawful detainer of the premises therein described, which, omitting the formal parts, is as follows, to wit:

"Josie H. Anderson, the plaintiff herein, complains of Bent McClure, the defendant, and says that on the first day of January, 1891, she leased to one M. M. Melton, the following described lands, situated in Dunklin county, Missouri, to wit:

"The northeast quarter of the northeast quarter of section number five (5), township number sixteen (16), range nine (9) east, for a term of one year.

"That afterwards, on the first day of February, 1891, the said M. M. Melton sublet to the defendant, Bent McClure, with the full knowledge and consent

of this plaintiff, the north half of said northeast quarter of the northeast quarter of said section five (5), township number sixteen (16), range number nine (9) east, for the remainder of his term.

"That the term of said Bent McClure to said north half of northeast quarter of northeast quarter of said section number five (5), township number sixteen (16), range number nine (9) east, in Dunklin county, Missouri, expired on the last day of December, 1891.

"That ever since that time this plaintiff has been and now is entitled to the possession of the premises last above described; that the defendant willfully and unlawfully holds over and detains the same from this plaintiff, and that plaintiff has sustained damages by reason of said unlawful and willful holding over in the sum of twenty-five dollars.

"Wherefore plaintiff demands judgment for the possession of said premises last above described and for said damages and for costs.

"JOSIE H. ANDERSON,
"Plaintiff.

"Josie H. Anderson, the above named plaintiff, being duly sworn, on her oath says that the foregoing complaint is true in substance and in fact.

"JOSIE H. ANDERSON.

"Sworn to and subscribed before me this seventh day of January, 1892. W. M. BONE,
"Justice of the peace."

The justice rendered judgment in favor of plaintiff, from which defendant appealed to the circuit court, and there filed a *demurrer* to the complaint on the ground that it did not state any cause of action. The circuit court sustained the demurrer and entered judgment of dismissal, to which ruling plaintiff excepted and appealed to this court.

The only question, therefore before us is as to the correctness of the action of the trial court in dismissing appellant's petition. The interposition to the demurrer in the circuit court by respondent was a departure from established rules and precedents. The law does not contemplate a *demurrer* to a statement filed in a justice's court either in that court or in a circuit court upon appeal. As the pleading termed a "demurrer" by respondent is preserved in the bill of exceptions, we will treat it as a motion to dismiss or strike out the complaint in question on the ground that it falled to state any cause of action. *Kane v. Dauernheim*, 51 Mo. App. 635. The requisites for a valid complaint for an unlawful detainer are that it shall be made in writing to a justice of the peace of the proper county, signed by the party aggrieved, his agent or attorney, and sworn to, specifying the lands, tenements and other possessions unlawfully detained, and by whom and when done. R. S. 1889, sec. 5092.

It is also the law that there are two kinds of unlawful detainer: *First.* When any person shall willfully and without force hold over any lands, etc., after the termination of the time for which they were demised or let to him, or the person under whom he claims. *Second.* When any person wrongfully and without force by disseizin shall obtain and continue in possession of any lands, etc., and after demand made in writing, etc., shall refuse or neglect to quit possession. R. S. 1889, sec. 5089.

It is obvious from the terms of the statute defining unlawful detainer, that no demand of possession is required in cases under the first head. That clause embraces tenants or subtenants *holding over* after the termination of a fixed term. This has been the invariable construction place by the courts upon unlawful detainers of this class. *Witte v. Quinn*, 38 Mo. App. 681.

It is only when an unlawful detainer is created by possession obtained and continued wrongfully and without force by disseizin, that a demand in writing for the delivery of the possession is prescribed by the terms of the statute. *Hyde v. Goldsby*, 25 Mo. App. 29.

In the case at bar the complaint filed before the justice shows on its face an averment of all the statutory requisites essential to this pleading. R. S. 1889, sec. 5092. It also clearly sets forth that the respondent's term as subtenant expired on the last day of December, 1891, and alleges a willful and unlawful holding over and detention thereafter. These allegations bring the case within the purview of that clause of the statute defining unlawful detainers, created by holding over on the part of a tenant for a fixed term. There was, therefore, no necessity for any previous demand by appellant, or averment thereof in the petition.

Our conclusion is that the petition in this case did state a cause of action for an unlawful detainer by respondent after the expiration of a fixed term of demise or the letting of the premises described, and that the circuit court erred in dismissing the complaint herein. Its judgment is therefore reversed and the cause remanded. All concur.