ISH, Respondent, v. CHILTON, Appellant.

1. The sixth section of the forcible entry and detainer act (R. C. 1855, p. 788) regulates the form and substance of the complaint in an action of forcible entry and detainer.

2. A complaint in an action of unlawful detainer in the following form : " Plaintiff states that defendant unlawfully detains from him a tract of land

Ish v. Chilton.

belonging to plaintiff [describing it] ; that said farm belongs to plaintiff, and the defendant wrongfully and unlawfully detains the same from plaintiff, and has since the first day of March, 1856 ; that said premises are worth twenty dollars per month," is sufficient.

3. If a tenant holds over the premises demised with the acquiescence of his landlord, he is not guilty of an unlawful detainer.

*Appeal from Jackson Court of Common Pleas.*

This was an action of unlawful detainer. The following is the complaint: " Plaintiff states that defendant unlawfully detains from him a tract of land belonging to plaintiff, lying in Jackson county, Missouri, described and known as eighty acres of land lying immediately east of the lands of the heirs of Jonathan Colcord, deceased, and immediately east of the dwelling house on said lands occupied by Mrs. Rebecca Colcord, being the same farm occupied by Robert Daniel, jr., in the year 1855, and from which he removed in the spring of 1856 ; that said farm belongs to plaintiff, and defendant wrongfully and unlawfully detains the same from plaintiff, and has since the first day of March, 1857. The said premises are worth the sum of twenty dollars per month."

The defendant moved the court to dismiss the suit for the insufficiency of the complaint. The court overruled the motion. The jury rendered a verdict in favor of complainant.

*Hovey*, for appellant.

I. The court ought to have dismissed this suit on motion. No facts were stated which warranted the issuing of the writ. (Andrae v. Heinreitz, 19 Mo. 311 ; Archer v. Goldstein, 13 Mo. 24.) The court erred in instructing the jury. The first instruction is bad for want of the words " without the consent of Ish, either express or implied," following the words " after his term had thus expired." (4 Knt. Com. 112 ; 2 Black. Com. 150.) The third instruction was erroneous. (1 Sto. Eq. § 323, 330.)

*Ryland & Son*, for respondent.

I. The complaint is sufficient under section 6 of act of forcible entry and detainer. (R. C. 1855, p. 788.) The de-

scription of premises is sufficient. (Tipton v. Swayal, 4 Mo. 98.) This complaint is not liable to the objection taken in Andrae v. Heinreitz, 19 Mo. 311. At all events it is good after verdict. The court properly instructed the jury. No notice to quit was necessary. (R. C. 1855, p. 1012, § 14; 19 Mo. 122; Clayton v. Blakley, 8 Mo. 3.)

NAPTON, Judge, delivered the opinion of the court.

The sixth section of the act concerning forcible entry and detainer (R. C. 1855, p. 788) is the one which we understand to regulate the form and substance of a complaint under this statute. In that section the facts which must be stated in the complaint to authorize the justice to issue his writ are pointed out. The complaint must be in writing, signed by the party aggrieved or his attorney, and verified by affidavit. It must specify the land or tenement upon which the forcible entry and detainer or the unlawful detainer has been committed; must state by whom the wrong is done, and at what time it was committed. Upon such a statement as this the justice is authorized by the statute to proceed. The second and third sections of the statute contain a more particular definition of the acts which constitute the two offences; but these sections were not designed to prescribe the form of the complaint. If that conforms to the provisions of the sixth section it is sufficient; and upon the trial the plaintiff must show that the defendant has been guilty of the forcible entry and detainer or the unlawful detainer, as these offences are described and defined in the second and third sections, according as the one or the other has been charged in his complaint.

The complaint in this case is, in our opinion, sufficient. It complies with all the requisites of the sixth section of the act. The land is described with certainty enough; the offence is specified in the words of the section, and the time when and the person by whom the offence was committed are also stated. In the case of Andrae v. Heinreitz, 19 Mo. 311, the

complaint was liable to objections which do not exist against the present; still it is apparent that the court in that case overlooked or disregarded the sixth section of the statute and required the complaint to be made so as to conform to one of the various cases particularly described in the second and third sections. As this remedy is designed to be summary and its cognizance is entrusted to justices of the peace, we think it reasonable to infer that great strictness in the forms of procedure was not designed to be enforced. Indeed in the multitude of mutations which this statute has undergone since its first revision in 1825, so many additions, omissions and changes have occurred, that it might puzzle even a skillful pleader so to frame a complaint as to embrace some of the cases enumerated in these two sections.

The first instruction given by the court is as follows: " If the jury believe from the evidence that defendant rented from plaintiff the premises mentioned in the complaint for the year 1856, ending March 1st, 1857, and that at the time of the commencement of this action his term of renting had expired, and that defendant continued to hold and occupy said premises after his term had thus expired, defendant was guilty of an unlawful detainer, and the jury will find the defendant guilty of an unlawful detainer."

There is no doubt that where a tenancy is to terminate at a fixed time no notice to quit is necessary, and if such tenant wilfully holds over after the expiration of his term, he may, after demand made and notice in writing given requiring the possession, be made liable to the payment of double rent, within the ninth section of our act concerning landlords and tenants. (R. C. 1855, p. 1012.) But a tenant may hold over by permission of the landlord and become, according to circumstances, a tenant from year to year, or a tenant at sufferance. If the landlord receives rent after the termination of the lease, the tenant is usually regarded as a tenant from year to year; and even without the reception of rent, when the tenancy continues with the consent of the landlord, it can not be less than a tenancy at sufferance. In the latter case our statute has provided for one month's notice.

The instruction given by the court excludes from the jury all inquiry into the consent of Ish, the landlord, to the continuance of the defendant on his land after the first of March, 1857, and up to the 19th of that month, when the notice to quit was served.

It seems that there was some understanding that defendant should, upon certain contingencies, have the refusal of the land for another year. Although this agreement or understanding, being verbal only, was not binding on the plaintiff, as the court properly declared to the jury, and in that point of view was no defence to the action, still it is possible that the jury might have inferred from this and perhaps other circumstances an acquiescence on the part of plaintiff in the defendant's holding over. Under the instruction as given this point was not open to the jury. They are directed to find a verdict for plaintiff, if they find a holding over, without any qualification as to the character of such holding, whether *willful*, as the statute describes it, or, which is the same thing, without the consent of the landlord, or not.

None of the instructions asked by defendant were given, nor do we think their refusal would have constituted any objection to the judgment, if the instruction given had been modified as suggested.

The judgment must be reversed and the cause remanded; the other judges concurring.