AUGUST WITTE, Defendant in Error, v. J. S. QUINN, Plaintiff in Error.

Kansas City Court of Appeals, January 6, 1890.

1. **Justices' Courts:** COMPLAINT IN UNLAWFUL DETAINER. The courts do not require great strictness in the affidavit and complaints in justices' courts, provided they in substance and form comply with the requirements of the law.

2. **Trial Practice :** FILING OF MOTION IN ARREST OUT OF TIME: EXCESS-IVE DAMAGES. Appellant's claim that the damages are excessive cannot be considered, as it was not called to the attention of the trial court in either the motion for a new trial, or in the motion in arrest, filed within four days after verdict, and only first appears in an amended motion in arrest filed twelve days after verdict, which being out of time will be disregarded.

Witte v. Quinn.

3. **Unlawful Detainer:** DISSEIZIN : DEMAND OF POSSESSION : TENANT HOLDING OVER. In a case of unlawful detainer demand of possession is only necessary where the defendant acquired possession wrongfully, and without force, by disseizin, and not where the defendant, as in this case, is a tenant holding over.

4. ————: LANDLORD AND TENANT : EVIDENCE AS TO EVICTION OF TENANT : LEASE CONSTRUED : APPURTENANCES. If the landlord wrongfully enters into any portion of the demised premises, let for a gross sum, and expels the lessee therefrom, then there is a total suspension of the whole rent until the tenant's restoration, and where the lease rented to the defendant "in the present condition thereof the store-room in building known," etc., it passed with the building everything belonging to it, or which was essential to its enjoyment, such as the back yard, walk-ways and outhouses connected and used therewith (if any there were), and, on the trial of the unlawful detainer by the landlord against the tenant on the ground of a forfeiture of lease by reason of the non-payment of rent, it is error to exclude evidence tending to show that such things were, at the time of making the lease, appurtenant to the said store, and that the landlord had wrongfully entered into the back yard and built thereon, and evicted and actually ousted the tenant from such yard, walks and outhouses.

5. ————: ————: ACTUAL EVICTION : DARKENING WINDOWS. The eviction by a landlord that will defeat his action for rent must be actual dispossession or enforced abandonment of a portion of the leased premises, and not mere constructive ouster, as from darkening windows.

*Error to the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Fraher & Lyman* and *Kagy & Bremerman*, for the plaintiff in error.

(1) The complaint does not state a cause of action. It alleges no demand. R. S. 1879, secs. 2420 and 2423; *Farwell v. Easton*, 63 Mo. 446. (2) The complaint is not verified by affidavit as required by law. R. S. 1879, sec. 2423; *Burns v. Doyle*, 28 Wis. 460; *Fletcher v. Keyte*, 66 Mo. 285; *Savil v. Payne*, 4 N. Y. Sup. 897;

*Cook v. Staats*, 18 Barb. 407; *Lane v. Morse*, 6 How.
394; *Thompson v. Burnhous*, 61 N. Y. 752; *Bray
v. McClury*, 53 Mo. 128; *Reilly v. Powell*, 34 Mo. App.
431. (3) The judgment is in excess of the *ad damnum*
laid in the complaint. *Moore v. Dixon*, 50 Mo. 424;
*Ferder v. Schude*, 59 Mo. 364; *Wright v. Jacobs*, 61
Mo. 23; *Coles v. Foley*, 13 Mo. App. 249; *Russell v.
McCartney*, 21 Mo. App. 544. (4) The demand, if
any, was not properly made or proven. R. S. 1879,
sec. 2458; *Horton v. Railroad*, 26 Mo. App. 357; *Hyde
v. Goldsby*, 25 Mo. App. 29; *Bank v. Luman*, 79 Mo.
531; *Charles v. Marney*, 1 Mo. 537; *Blanton v. Lami-
son*, 3 Mo. 52; *Smith v. Raeulins*, 25 Mo. 408; *St. Louis
v. Goebel*, 32 Mo. 295; *Hewell v. Weatherby*, 57 Mo.
376; *Vaughn v. Lock*, 27 Mo. 292; *Cooke v. Decker*, 63
Mo. 328; *Wolff v. Shinkle*, 4 Mo. App. 197. (5) The
lease was improperly admitted in evidence. *Murry v.
Armstrong*, 11 Mo. 210; *Cheesbraugh v. Perique*, 1
Lawyer's Reports, p. 529; *Schuetze v. Bailey*, 40 Mo. 69;
*Desloge v. Pearce*, 38 Mo. 588; Wood's Landlord and
Tenant [Banks' Ed.] sec. 133, and cases cited, note (3);
R. S. 1879, secs. 2509-2513, 3078. (6) The court erred
in refusing competent evidence offered by defendant.
Tiedeman on Real Prop., secs. 195-6, and cases cited,
notes 1 and 2; *Smith v. Thurston*, 19 Mo. App. 48;
*Halligan v. Wade*, 21 Ill. 470; *Royce v. Guggenheim*,
106 Mass. 201; *Sherman v. Williams*, 113 Mass. 481;
Taylor's Landlord and Tenant, secs. 304, 378, 379, and
cases cited, note 1; *Peck v. Heiter*, 24 Barb. 178;
Wood's Landlord and Tenant [B. & B. Ed.] secs. 481,
564; *Caldwell v. Dickson*, 17 Mo. 516; *Lawrence v.
French*, 25 Wend. (N. Y.) 443, s. c., 7 Hill, 519; *Hyan
v. Smith*, 63 Ill. 430; *Edgerton v. Page*, 20 N. Y. 281;
*Lynch v. Baldwin*, 69 Ill. 210; *Smith v. Wise*, 58 Ill. 141;
*Anderson v. Ins. Co.*, 21 Ill. 601; *Underwood v. Brown*,
7 C. & P. 26. (7) It was competent to show a subse-
quent parol contract. *Mathews v. Tobener*, 39 Mo. 115;

*Hutchinson v. Jones*, 79 Mo. 496; *Prior v. Kiso*, 81 Mo. 241. (8) The lease of the store room carried with it the appurtenances. *Riddle v. Litchfield*, 55 N. H. 503; *Doyle v. Lord*, 64 N. Y. 432; *Allen v. Scott*, 21 Pick. 25; *Blake v. Clarke*, 6 Maine, 436; *Oliver v. Dickinson*, 100 Mass. 114; *Houghton v. Moore*, 141 Mass. 437; *Lanpher v. Glenn*, 37 Minn. 4; *Winton v. Cornish*, 5 Ohio, 477; Taylor's L. & Ten., sec. 161; Wood's L. & Ten. [B. & B. Ed.] sec. 213; *People ex rel. v. Gedney*, 10 Hun. 151; *Vaughn v. Blanchard*, 1 Yeates' R. 175; *Griffith v. Hodges*, 1 C. & P. 419; *Anderson v. Ins. Co.*, 21 Ill. 601. (9) An eviction from any part of the premises takes away the right to summarily eject the lessee. *Peck v. Hiler*, 24 Barb. 178; *Lawrence v. French*, 25 Wend. 443; affirmed, 7 Hill, 519; *People v. Gedney*, 10 Hun. 151; *Hodgkins v. Robson*, 1 Vent. 276; *Etheridge v. Osborn*, 12 Wend. 529; *Bennett v. Bittle*, 4 Rawle, 339; *Dalston v. Reeves*, 1 Ld. Raym. 77. (10) The court erred in refusing to submit to the jury the question as to whether or not there was an eviction, and the intention of the landlord to evict. *Lynch v. Baldwin*, 69 Ill. 210; *Hayner v. Smith*, 63 Ill. 430. (11) No forfeiture of the lease was ever legally declared or made. Wood's Landlord and Tenant [B. & B. Ed.] sec. 517, and cases cited; *Jackson v. Harrison*, 17 John. Ch. 66; *Connor v. Budley*, 1 How. (U. S.) 211; Taylor's Landlord and Tenant, sec. 493; *Farwell v. Easton*, 63 Mo. 446; *Graham v. City Carondelet*, 33 Mo. 262.

*Dew, Downs & Parkinson*, for the defendant in error.

(1) The complaint states a cause of action, and is sufficient under the statute, and is properly verified, and confers jurisdiction. *Ish v. Chilton*, 26 Mo. 256; *Alexander v. Wescott*, 37 Mo. 108. Strictness of averments, and precision in pleading, in magistrate's court,

are not required even in forcible entry and detainer actions. *McCarty v. Aner*, 50 Mo. 395. (2) The judgment was not in excess of the *ad damnum* in the complaint. The ground of excessive damages, as a cause for a new trial, is not embraced in the assignment that the verdict is not "sustained by sufficient evidence," or is "contrary to law" (*Ray v. Thompson*, 26 Mo. App. 431), and this point is not presented by the motion for new trial, although it is mentioned in the motion in arrest. *Alexander v. Relfe*, 74 Mo. 496–520. The motion in arrest cannot supply the place of the motion for new trial. *White v. Caldwell*, 17 Mo. App. 691. Furthermore, the motions for new trial and in arrest were filed out of time. See pp. 2, 29 and 31 of the record. Filing the first motion in arrest, on November 20, 1888, as the record shows, precluded filing a motion for a new trial afterwards—on November 25, 1888. *McComas v. State*, 11 Mo. 116; *Bank v. Bayliss*, 41 Mo. 286; *State v. Brooks*, 92 Mo. 591; *Welsh v. City of St. Louis*, 73 Mo. 71; *Moran v. Jannay*, 52 Mo. 523; *State v. Marshall*, 36 Mo. 400. (3) The notice of forfeiture, and demand for possession of the leased premises, and the proof thereof, were sufficient, and the court committed no error in admitting them in evidence. (4) Admission in evidence of the lease from Mary L. Staats to defendant Quinn was no error. (5) The court properly sustained the objection to the introduction by defendant of testimony to prove the matters stated by him on pages 34, 35 and 36 of his brief. They had reference solely to matters outside of the lease, and of the object of this suit. (6) And defendant's instructions, which were all based upon these foreign matters claimed as acts of eviction, were all properly refused. Plaintiff's instructions were confined to the issues, and supported by the evidence in the case, as the record clearly shows, and correctly declared the law, and were properly given.

GILL, J.—This is an action for unlawful detainer brought by plaintiff Witte against defendant Quinn, to recover a store room on Walnut street, Kansas City, and for damages for detention. On a trial had in the circuit court plaintiff recovered, and defendant has brought the case here by writ of error. In April, 1886, a Mrs. Staats made a written lease for three years to defendant Quinn, of the premises in dispute; and subsequently in January, 1887, Mrs. Staats assigned the lease to plaintiff Witte, who collected the monthly rental from said Quinn until January 1, 1888, when said tenant refused to pay the rent of January for the alleged cause that said landlord had entered upon the premises rented and constructed buildings on the rear and side of the house rented to defendant, obstructing thereby the outside windows and destroying a woodshed and privy in the back yard of the leased premises.

The premises leased seemed to have been the first floor, or store room of a two-story brick house known as 1211 Walnut street,—wherein defendant carried on a boot and shoemaking business, his family residing in the back, and the business conducted in the front portion of the room leased. The lot was fifty feet front while the store only occupied twenty-five feet on the north side of the lot. Windows opened south on the vacant portion, while the rear of the lot not covered by the building, constituted a back yard wherein the landlord had constructed an outhouse or water-closet, with a plank walk leading thereto from the back door of the store. In addition to this, it seems, defendant had, during his occupancy, by consent of the landlord, erected in this back yard a wood-shed. Just prior to January, 1888, plaintiff had added to the improvements by erecting a building immediately south of and annexed to the leased store as well as by erecting a building in the

immediate rear of the leased premises—so that, it was claimed, the windows on the south side, as well as those at the rear end of the store occupied by the defendant, were entirely closed up, and the privy and wood-shed likewise destroyed. It was because of this conduct that defendant refused to pay the rent for January, 1888.

I. Objection is made as to the sufficiency of the plaintiff's complaint, reliance being had, it seems, to the claim that the affidavit is faulty. We see no reason for this contention. The complaint, in substance and form, is all the law requires. The courts do not require any great strictness in these papers filed in suits before justices of the peace.

If such complaints are substantially as the statute requires it is all the courts will demand. *Ish v. Chilton,* 26 Mo. 256; *Cabanne v. Spaulding,* 14 Mo. App. 312.

II. The next matter complained of is that the damages awarded are excessive and exceed the amount claimed in the petition. We cannot take notice of this error assigned, for the reason that such matter was not legally called to the attention of the circuit court where the alleged error was committed. This objection to the verdict was not mentioned in the motion for new trial, nor in arrest of judgment, which was filed in the circuit court during the four days following the trial. Such a complaint was, however, made in what defendant calls an "*amended* motion in arrest," filed twelve days after the trial. This "amended motion," filed as it was beyond the time demanded in the statute (Revised Statutes, 1879, section 3707) will be disregarded. *State v. Brooks,* 92 Mo. 591, and cases there cited.

III. Defendant's counsel further contends that the demand for possession which it is claimed was a prerequisite to maintain this action for unlawful detainer was not proved in the manner and form required by statute. The evidence shows, indisputably, that defendant was served with a written notice to

quit—that said notice was delivered to him in person; but the contention is that under section 2458, Revised Statutes, 1879, such service of notice can only be shown in one of two ways, to-wit, by return of an officer authorized to serve process, *or* by a return sworn to by such other person as may have served the notice, or written demand.

The determination of the point here made does not require the *manner* of this proof of demand to be passed on, since we hold that in this case no demand of possession was needed. Revised Statutes, 1879, sections 2419 and 2420, set out three different states of facts, or condition of things, constituting "forcible entry and "detainer," and "unlawful detainer." Section 2419 provides for cases where the party charged enters by force or strong hand, or with weapons, etc., and turns the occupant out of the premises. Such constitutes a case of "forcible entry and detainer." By section 2420, a party may be guilty of "unlawful detainer" in one of two ways, to-wit : *First.* By wilfully, and without force, holding over any lands, tenements or other possessions after the termination of the time for which they were let to him or to the person under whom he claims; *or, second,* where a party wrongfully and without force, by disseizin, shall *obtain and continue* in possession of the lands, tenements, etc., and refuse to surrender the same after demand made in writing therefor.

The written demand for possession is only required in the state of case last named and is *not* required in either of the other two cases. The case last named is one where the tenant has *acquired* the possession "wrongfully and without force, by disseizin," and continues to hold the same after written demand for restoration. *Young v. Smith*, 28 Mo. 68; *Andrae v. Heinritz*, 19 Mo. 311. The case we have here to deal with does not belong to this last-named class. There is no charge made, nor any pretense, that the defendant

wrongfully, by disseizin, *acquired* possession of the premises in dispute. But this is rather where the tenant is charged with holding over and beyond the term of his contract. The defendant agreed to pay rent during his tenancy, forty dollars per month, monthly in advance, and in default thereof, for three days, he agreed to surrender the premises to his landlord (this plaintiff). On the facts, as charged against the defendant, the contingency had happened. The failure to pay rent had occurred, and the landlord had declared a forfeiture of the tenancy; and by the terms of the lease the time certain, which was to terminate the tenancy, had come before this action was brought.

IV. The next point we are called upon to decide is one more difficult of satisfactory solution, as well as more nearly related to the merits of the controversy between these litigants.

At the trial the defendant offered to prove the following, which we quote from the abstract of the record: "That at the time defendant rented these premises there was a two-story brick building upon this lot; the lot was twenty-five by one hundred and fifteen feet. There were four windows on the south side and two windows in the rear and a door to the rear; that the yard in the rear of the premises was vacant, except that it had an outhouse which the agent of the landlord gave to the defendant for the use of himself and his family; that he also gave him permission to erect a coal-shed on the vacant lot, which he did; there was also a board walk running from the back end of the store to the outhouse and coal-shed; that he occupied the rear end of the store for the use of himself and family as a dwelling-house; that subsequently, during the month of December, 1886, the plaintiff built a two-story building in the rear, and also, by closing the windows in the rear, he deprived the tenant of the use of the outhouse, the back yard and coal-shed; that, in the same

month, plaintiff erected a two-story building on the south side of the store occupied by the defendant, by building up a wall, by putting the joists in the wall on the outside, and by that means he closed the windows of the store room occupied by the defendant, and also frosted the windows; that there was no other means of light for the plaintiff except the front; that the defendant was engaged in the manufacture of boots and shoes; that the store room was so dark that it required artificial light three-fourths of the time; that, in consequence of the darkness, his employes left him, and he was greatly deprived of the beneficial use and enjoyment of the premises; his family were also compelled to leave the place for the reason they had no use of the conveniences of the outhouse, water, yard or coal-shed; that he paid all the rent due up to the first of January, 1888, that this alleged interference was before any rent had accrued which has not been paid.'' This evidence was objected to by plaintiff, the objection was sustained and the proffered testimony excluded.

The theory, upon which this evidence was offered, was, doubtless, that such conduct on the part of plaintiff constituted an eviction as to a portion, at least, of the premises covered by the lease; and that the plaintiff having deprived defendant of the use of a part of the leasehold was thereby barred of the right to maintain this action.

The rule seems well settled, that if the landlord wrongfully enters into any part of the demised premises, which are let for an entire gross sum, and shall expel the lessee therefrom, then there is a total suspension of the whole rent until the tenant is restored to the whole possession. This, too, is the rule notwithstanding the tenant may continue the occupancy of a portion of the leased property. Taylor's Landlord & Tenant [7 Ed.] sec. 378; Wood's Landlord & Tenant, sec. 473, and numerous cases cited in notes.

The reason for this rule is said to be, that the landlord shall not be permitted to apportion his own wrong—that to hold otherwise would be to encourage landlords to evict their own tenants (whose possession they are rather bound to protect) when such eviction would inure to the pecuniary advantage of such landlords.

This eviction may be an actual *expulsion* of the tenant from the leased premises, or a portion thereof; or there may be such acts done by the landlord that the tenant cannot have the beneficial enjoyment of the premises rented; and if thereby he shall be forced to abandon, and does abandon, the premises or a portion thereof by reason of such unwarranted conduct by the landlord, the defense to a claim for rent is as complete as if there had been an actual ouster. Taylor's Landlord and Tenant, sec. 381, and cases cited in notes; Wood's Landlord and Tenant, sec. 481, *et seq.* And not only is the rent suspended, but as well the right to oust the tenant by action for non-payment of the rent. *Ib.*

So now if the evidence, offered by the defendant at the trial of this cause, tended to prove facts which would constitute an eviction, actual or constructive, of the premises rented, then it should have been admitted, and the rejection thereof was error. It is clear that if defendant's rights as a tenant extended beyond the store room and included the use of or any easement in the small open yard, outhouse and wood-shed to the rear of the building, then plaintiff had no legal right to take away, destroy or occupy the same, and exclude defendant from the enjoyment thereof, during the term of his, defendant's, lease. The written lease under which defendant claimed "rented to J. S Quinn, *in the present condition* thereof *the store room in building known as 1211 Walnut street*, Kansas City, for the period of three years from May 1, 1886." The question now arises, did defendant by this lease acquire any

rights to use the space, or back yard in rear of this store, or any right, or easement, in the walk-way or outhouses then existing in said back yard? *Or* were his rights confined by the four walls of the store house?

It is announced as a general rule that "*the grant of a thing passes the incident*, as well as the *principal*, though the latter only is mentioned; and this effect cannot be avoided without an express reservation. Thus the lease of a building passes everything belonging to it, or which is essential to its enjoyment" (Taylor's Landlord and Tenant, section 161), or, as expressed by another able law-writer : " A grant of a thing will include whatever the grantor has power to convey, which is reasonably necessary to the enjoyment of the thing granted." 3 Kent's Com., side page 627. And, again, "where an easement has become appurtenant to the dominant estate, a conveyance of that estate carries with it the easements belonging to it, whether mentioned in deed or not." 2 Kent's Com., side p. 28. The word "appurtenances" is not needed to carry these incidents of the principal thing, but it is held that its presence or absence will not materially affect the grant, and that, as well without it as with it, *everything that appertains or belongs to the principal will pass.* Wood's Landlord and Tenant, sec. 213; *Riddle v. Littlefield*, 53 N. H. 503. Thus the lease of a mansion house was held not only to include the dwelling-house, proper, but also all the outhouses, barns, cow-house, etc., if they be a parcel of the mansion, although they be not under the same roof. An *appurtenant* is defined as "a thing used with and related to, or dependent upon, another thing *more worthy*, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant." 3 Kent, 626. So we conclude that this defendant under his lease acquired the appurtenances, existing at the date of his lease, which were necessary to the proper enjoyment of the store

granted, to the same extent as if the word "appurtenances" was used. As said by Judge STORY in *United States v. Appleton*, 1 Sumner, 492, "the general rule of law is, that where a house or store is conveyed by the owner thereof everything then belonging to and in use for the house or store, as an incident or appurtenance, passes by the grant. It is implied from the nature of the grant, unless it contains some restrictions, that the grantee shall possess the house in the manner and with the same beneficial rights as were then in and belonged to it."

If then, when defendant hired the store-room, 1211 Walnut street, Kansas City, there was in the rear thereof a small space left open as a back yard and on which was constructed an outhouse, with walk leading thereto from the back door of said store, all intended for, and used by, the tenants in said building and said store, and which were necessary to a complete enjoyment thereof, then the effect of said lease was to grant such uses to defendant, and he was entitled to the enjoyment thereof without interruption from the landlord. And if the plaintiff entered upon such premises in the rear of the store and built thereon another structure, so as to deprive defendant of the use of such appurtenances, then there was an actual eviction as to a portion of the premises leased, and plaintiff ought not to be allowed to maintain this suit. See cases in point. *Doyle v. Lord*, 64 N. Y. 432; *Riddle v. Littleton*, 53 N. H. 503; *Oliver v. Dickinson*, 100 Mass. 114.

We think then that the trial court erred in excluding evidence tending to establish the above facts, and for that reason the judgment must be reversed and the cause remanded for a new trial.

V. Since the cause must be sent back for a new trial, we will further give it as our opinion that there is nothing of *constructive* eviction shown by the proffered evidence of defendant. It would seem that this defense

must rest on an *actual dispossession* or enforced abandonment of a portion of the leased premises, and not upon any mere *constructive* ouster, as is claimed from darkening the four windows on the south side of the building. Even admitting the darkening of these south windows to be wrongful, there can be no defense as for a constructive eviction, except there was an entire *abandonment* of the building or a portion thereof by the defendant on that account. The acts of the landlord must be such as to warrant an abandonment, and there *must be in* fact an *abandonment* of the premises, or the portion thereof complained of. Wood's Landlord and Tenant, sec. 481, *et seq.; Edgerton v. Page*, 20 N. Y. 281. Besides, it may be well doubted if the erection of the new building along the south side of the rented store was any infringement of any rights of the defendant. *Royce v. Guggenheim*, 106 Mass. 201.

The judgment of the circuit court is reversed, and the cause remanded for a new trial, in accordance with this opinion. All concur.