SHANTZ & KROFF, Respondents, v. M. L. REYNOLDS, Appellant.

Kansas City Court of Appeals, May 3, 1897.

**Unlawful Detainer:** COMPLAINT: SUFFICIENCY OF. A complaint set out in the opinion states sufficiently a cause of action. *Russell v. McCartney,* 21 Mo. App. 544, distinguished.

*Appeal from the Hickory Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

The plaintiffs' complaint wholly fails to state any cause of action. It does not state any facts from which this or any other court could determine how they claim the possession of the land, whether as lessors, purchasers from lessors, or owners, or in what way. If as lessors, when were the premises let, and when by the terms of the lease did defendant's lease expire? They merely state the legal conclusion, "that they had the legal right to the possession of the premises." How did they get it? Who let the premises, or when were they let? Had defendant's time expired, or was there a forfeiture by the terms of which plaintiffs were entitled to possession? This statement is not half as formal as the one that is held bad in *Andre v. Heinritz,* 19 Mo. 310; *Russell v. McCartney,* 21 Mo. App. 544. If this complaint can be sustained, then there is absolutely no necessity for any complaint.

*John S. Haymes* for respondent.

(1) We submit that the supposed defects in the complaint, if they actually exist, are not so "material"

that they can be raised upon the record proper. *Balch v. Myers*, 65 Mo. App. 422. But are such as are cured by the verdict. *Jones v. Louderman*, 39 Mo. 287; *Garth v. Caldwell*, 72 Mo. 622; *Jackson v. R. R.*, 80 Mo. 147. (2) But the form of complaint has been approved by all the appellate courts in this state, and is sufficient. *Ish v. Chilton*, 26 Mo. 256; *Cabanne v. Spaulding*, 14 Mo. App. 312; *Witte v. Quinn*, 38 Mo. App. 681; *Bradford v. Tilly*, 65 Mo. App. 181. It was drawn in the exact form given on page 2261, Revised Statutes, 1889.

ELLISON, J.—This action is founded on the following complaint in unlawful detainer:

"I. W. Shantz and E. W. Kroff complain to W. T. Booher, justice of the peace within and for the county of Dallas, and state of Missouri, that on the first day of November, 1895, they had the legal right to the possession of the southwest quarter of the southwest quarter of section 20, township 34, range 20, in Dallas county, Missouri, together with the improvements thereon, and that M. L. Reynolds willfully and without force holds the possession of the same premises after the termination of the time for which they were let to him, and after demand made in writing for delivery of the possession thereof. The complainants further state that the value of the monthly rents and profits of said tenements is eight dollars. Wherefore, complainants pray judgment of restitution and for the value of the monthly rents and profits of the premises aforesaid."

UNLAWFUL detainer: complaint, sufficiency of.

The point made here by defendant against the judgment below is that the complaint does not state a cause of action. We think it sufficient under the requirements of the statute, section 5089. *Ish v. Chilton*, 26 Mo. 256; *Witte v. Quinn*, 38 Mo. App. 681; *Bradford v. Tilly*, 65 Mo. App. 181. We are cited to *Rus-*

*sell v. McCartney*, 21 Mo. App. 544. That case did not involve the point here. There the allegation was that the premises were let to the defendant, whereas the proof was they were let to a partnership. The allegation was also that there was one month's notice in writing to quit possession, whereas the proof was of a letting to a time certain, and that hence no notice was necessary.

The judgment is affirmed. All concur.