H. H. LAUMMEIER, Appellant, v. ROBERT STEEL, Respondent.

St. Louis Court of Appeals, December 13, 1898.

1. Landlord and Tenant: JUDGMENT. A judgment against the tenant for both rent and possession in favor of the landlord, being unappealed from, conclusively establishes that the relation of landlord and tenant existed between them, and implies that the tenant had attorned to the plaintiff, and fixes the legal limit of such tenancy.

2. ———: ———: TERMINATION OF TENANCY. In the case at bar, the judgment in the landlord's summons suit conclusively fixed the date of the termination of the defendant's tenancy, and his retention of possession thereafter afforded the plaintiff a right to bring unlawful detainer without making the written demand for possession.

3. Practice, Trial. In the case at bar, upon the admission and documentary evidence adduced on the trial of the present case, the court should have directed a verdict for plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

REVERSED AND REMANDED.

Jos. W. Folk for appellant.

The court erred in allowing defendant over plaintiff's objection to introduce evidence attempting to impeach plaintiff's title. Dillworth v. Fee, 52 Mo. 130. The court erred in allowing defendant over plaintiff's objection to give evidence as to certain payments alleged to have been made to the Caledonia Building and Loan Association, with which plaintiff was not connected in any way. Under the evidence in this case, plaintiff was entitled to a verdict and judgment. Kaulleen v. Tillman, 69 Mo. 510; Silvey v. Summer, 61 Mo. 253; De Graw v. Pryor, 68 Mo. 158; Kingman v. Abington, 56 Mo. 46.

No brief for respondent.

Bond, J.—This is an action of unlawful detainer. After judgment in the justice's court, the case was appealed to the circuit court. The evidence shows that the defendant executed a trust deed on the property in dispute to secure an indebtedness of $650, which was foreclosed and plaintiff became the purchaser at the sale and received a trustee's deed to the property. The evidence further tends to show that defendant thereafter attorned to plaintiff and paid rent for one or two months, but failing to pay further rent, plaintiff brought a landlord's suit for possession of the premises and rent in arrears, which resulted in a judgment in plaintiff's favor for both. Thereafter defendant's property and effects were removed from the house. When the party so dispossessing him had left the premises, defendant replaced his property in the house and has since continued to occupy the premises. The evidence also tends to show that plaintiff then made a demand in writing for the surrender of the

premises, and upon defendant's refusal, instituted the present action.

Upon this evidence the plaintiff was clearly entitled to judgment. The landlord's suit between the same parties resulting in a judgment for both rent and possession being unappealed from, conclusively establishes that the relation of landlord and tenant existed between them, because except for that relation no such judgment could have been rendered, hence its rendition necessarily implies that the defendant had attorned to the plaintiff, otherwise the plaintiff as a mere purchaser of the premises occupied by defendant could only have recovered judgment for possession, not for rent. Winkelmeier v. Katzenburger, No. 7336, manuscript opinion of this court, and cases cited. The final judgment in the landlord's suit not only proves that defendant was the tenant of plaintiff, but it also fixes the legal limit of such tenancy, and might have been the basis of a new action in which these findings would be conclusive against defendant. Sheehan & Loler Trans. Co. v. Sims, 28 Mo. App. 64, and citations. Its admission as evidence also established them in the present action. It is admitted in this case that defendant has held possession of the premises ever since the date of the expiration of his tenancy under the judgment in the landlord's summons case. When a tenant holds over after the expiration of his term, the landlord may bring unlawful detainer without making a written demand for possession. R. S. 1889, secs. 5089, 5102 and 6372; Jefferson v. Ummelmann, 56 Mo. App. loc. cit. 442; Leahy v. Lubman, 67 Mo. App. loc. cit. 197. In this case the judgment in the landlord's summons suit conclusively fixed the date of the termination. of defendant's tenancy, consequently his retention of possession thereafter afforded the plaintiff a right to bring unlawful detainer without the written demand

which the evidence in this case tends to prove was made. It is manifest upon the admission and documentary evidence adduced on the trial of the present case that the court should have directed a verdict for plaintiff. For its failure so to do, the judgment herein is reversed and the cause remanded.

All concur. Judge BIGGS in the result.