## BARADO-GHIO REAL ESTATE COMPANY, Respondent, v. HEIDBRINK, Appellant.

### St. Louis Court of Appeals, May 2, 1905.

1. **UNLAWFUL DETAINER: Landlord and Tenant: Grantee of Landlord.** In an action of unlawful detainer for the possession of premises, where a lease held by the defendant had been made in the name of the plaintiff's grantor, by mistake, long after his conveyance to the grantee, the plaintiff could not recover, at the expiration of the term provided in the lease, as the grantee of the lessor, under the provision of section 3352, Revised Statutes of 1899, for the reason that defendant was not guilty of unlawfully detaining the premises against the grantor, before the conveyance of the premises.

2. ———: ———: ———: **Attornment.** But where the evidence showed that the defendant made a payment according to the terms of the lease and accepted the receipt of the plaintiff therefor, this evidence of attornment, together with the assignment of the lease, was sufficient to authorize a finding for plaintiff.

3. ———: ———: **Notice To Quit.** Under section 3321, Revised Statutes of 1899, where a landlord asserts his right to possession promptly at the expiration of the term of the lease, the lessee is not entitled to notice to quit.

Appeal from Warren Circuit Court.—*Hon. Houston W. Johnson,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. E. Peers* and *E. Porter Peers* for appellant.

The plaintiff seeks to recover in the name of the Barada-Ghio Real Estate Company, a corporation, on a lease contract made with one F. X. Barada, and the trial court permits oral evidence to be introduced, not only to contradict the agreement, but to show that the same should have been made with an entire different party. This court need only read the evidence of the witness Dryden on this point. This cannot be permitted under

section 3343, G. S. page 839, Vol. 1, 67 Mo. App. 196. We do not say that the action could not have been maintained in the name of Barada, the lessee, for the benefit of the Barada-Ghio company. What we do say and insist upon, is that the action could not be maintained in the name of the company under a lease made with Barada, and that oral evidence could not be introduced to vary the contract of lease, hence the demurrer should have been sustained. There being no demand in writing for the possession, served on the defendant, as by statute required, before the institution of the suit, there can be no recovery in the case and hence the demurrer offered at close of plaintiff's case should have been sustained, and it was error to overrule the same. Notice is absolutely required, under the statute (sec. 3321) before unlawful detainer can be instituted or sustained. Search this record, and no where can be found any evidence that the required notice was ever given. This was fatal and hence no case was made, and the demurrer should have been sustained. Making demand is an indispensable prerequisite. Hyde v. Golsby, 25 Mo. App. 29; 67 Mo. App. 521.

*L. J. Dryden, J. W. Delventhal,* and *E. Rosenberger & Son* for respondent.

Section 4126 of the Revised Statutes of Missouri for 1899 provides that if owner or holder alien or assign his estate or term, or the rent thereafter to fall due thereon, his alienee or assignee may recover such rent. The testimony clearly shows that as soon as the mistake in drawing up the lease was discovered, the lessor of the lease assigned it to plaintiff herein and under the express terms of the statute and the decisions of our State, it cannot be questioned, but that the grantee or assignee of such lands has the same remedies under the statute against a tenant guilty of unlawful detainer as the lessor would have had. Kelly v. Clancy, 15 Mo. App. 519; Sexton v. Hull, 45 Mo. App. 339; Bradford v. Tilly, 65

Mo. App. 181; Tucker v. McCleny, 103 Mo. App. 318, 77 S. W. 151.

BLAND, P. J.—The suit was commenced before a justice of the peace to recover possession of a two-hundred-acre farm in Warren county, Missouri, known as the Doye farm, which the defendant had leased from F. X. Barada, on March 12, 1903, for a term of one year. The lease was reduced to writing. The parts material to the issues herein read as follows:

"Know all men by these presents that the undersigned, John H. Heidbrink, of Warren county, Missouri, this day leased of F. Barada, of the city of St. Louis, State aforesaid, the farm owned by said Barada, situated in sections 32 and 31, township 47, range 2 west, in Warren county aforesaid, known as the Doye farm and containing two-hundred acres, more or less. My term to begin on the day of the date hereof and to end on the first day of March, 1903, upon an annual rental of $60, of which twenty is to be paid in advance and before I take possession of said premises, and the remaining $40 is to be paid on the first day of November, 1902, and I agree to cultivate said farm in a husbandmanlike manner, to commit no waste thereon and not to suffer waste thereof to be committed by other during my said term."

The suit was removed to the circuit court by writ of certiorari. The trial was to the court without a jury and resulted in a judgment for plaintiff for the recovery of possession of the premises, seventy dollars, double the rent found to be due, and ten dollars per month, double the monthly rents and profits, from the rendition of the judgment (October 26, 1903) until possession should be delivered to plaintiff. Pending motions for a new trial and in arrest of judgment, the plaintiff entered a voluntary remittitur of thirty-five dollars of the damages assessed, but no new judgment was rendered.

The evidence shows that prior to November, 1898, F. X. Barada was the president of a mining corporation

which owned the Doye farm and that it was conveyed to the plaintiff, a real estate corporation, by a deed executed and acknowledged by Barada, as president of the mining corporation. It appears from the evidence that L. J. Dryden, Esq., had been the agent of the mining corporation while it owned the farm and after the plaintiff acquired it continued as plaintiff's agent, for the purpose of renting or leasing the premises and collecting the rents. Dryden testified that after the plaintiff became the owner, he as its agent, had leased the farm to different tenants and that plaintiff had been in continuous possession of the premises by its tenants from the date of its purchase; that he prepared the lease to defendant but inadvertently and by mistake named Francis X. Barada as lessor instead of plaintiff; that when his attention was called to the fact by Barada, he advised him to assign the lease to the plaintiff. This was done as is shown by the following indorsement thereon:

"For value received, I assign to Barada-Ghio Real Estate Company the within lease contract, together with all my right therein, this twenty-sixth day of March, 1902.                                    F. X. BARADA."

The evidence of Dryden was objected to by plaintiff on the ground that the lease, being unambiguous, was not open to explanation or qualification by parol evidence. Defendant paid the twenty dollars on the rent in advance, as required by his lease, which was receipted for by the plaintiff.

Barada testified he did not own the farm, had no interest in it and had not had since November, 1898, and that he was not connected in any way with the plaintiff; that when he received the lease he called Mr. Dryden's attention to the mistake and on his advice assigned the same to the plaintiff.

The deed conveying the land from the mining corporation to the plaintiff was read in evidence over the objection of the defendant. The lease does not describe the land by metes and bounds, and plaintiff, when it of-

fered the deed, stated that it was offered for the purpose of fixing the boundaries of the land. We think it was competent for this purpose.

In respect to the oral evidence of Mr. Dryden in regard to the mistake in the lease, we do not understand that it was offered for the purpose of contradicting the written lease, but as explanatory of the fact of its assignment to the plaintiff. If the plaintiff can maintain this suit as the assignee of the lease, the oral evidence of Mr. Dryden in regard to the lease is of no importance and does not affect the legal rights of either of the parties, and for this reason is immaterial and need not be further noticed.

Section 3352, R. S. 1899, among other things, provides, that grantees of lands shall be entitled to the same remedies against persons guilty of forcible entry and detainer or of unlawful detainer of such lands, before the grant as the grantor was entitled to by virtue of article 1, chapter 29, R. S. 1899. The plaintiff cannot maintain the suit under the provisions of this section, for the reason defendant was not guilty of unlawfully detaining the premises against Barada before the premises were conveyed to plaintiff. But defendant testified that Mr. Dryden told him that the land belonged to the plaintiff and that he had made a mistake in writing the name of Barada, as lessor, in the lease instead of the name of plaintiff. This was after the defendant went into possession of the premises under his lease. The evidence is that defendant accepted the receipt of the plaintiff for the advance payment of twenty dollars on the rent without any objection. We think these facts tend to show that he attorned to the plaintiff as his landlord and that on this evidence of attornment, in conection with the assignment of the lease by Barada to plaintiff, the court was authorized to find that the plaintiff was entitled to maintain the suit.

Defendant testified that he had received notice to deliver possession of the premises to the plaintiff, but

the notice was not produced at the trial nor was its contents, date or any of the particulars shown. The case must, therefore, be treated as if no notice to give possession had been served on the defendant. Therefore, if the defendant was entitled to notice, the judgment should be reversed.

The first clause of section 3321, of the forcible entry and detainer act, R. S. 1899, provides: "When any person shall willfully and without force hold over any lands, tenements or other possession, after the termination of the time for which they were demised or let . . . shall be deemed guilty of an unlawful detainer. Defendant's term expired on March 1, 1903. The summons in which this suit was issued by the justice and served on the defendant on March 28, 1903, so it appears there was no holding over by the defendant from year to year but that the plaintiff asserted its right to the possession of the premises promptly on the expiration of the term of the lease and as soon as it was ascertained that defendant would not peaceably surrender possession. The case, therefore, in respect to notice, comes under the clause of section 3321, supra, and the defendant was not entitled to notice to deliver possession. [Leahy v. Lubman, 67 Mo. App. 191; Anderson v. McClure, 47 Mo. App. 93; Witte v. Quinn, 38 Mo. App. 681; Young v. Smith 28 Mo. 65.] And we conclude that under the law and the evidence the plaintiff was entitled to recover and that the findings of the court are supported by the evidence.

The judgment was not corrected after the remittitur as should have been done but was allowed to stand for the full amount. For this reason the judgment will be reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff for possession of the premises and for the amount plaintiff is entitled to after the remittitur. [Schilling v. Speck, 26 Mo. 489; Dawson v. Waldheim, 81 Mo. App. l. c. 638.]

All concur.