CAMPBELL, Appellant, v. JOHNSON, Respondent.

**St. Louis Court of Appeals, February 4, 1908.**

1. **UNLAWFUL DETAINER:** Holding Over: Demand.   In an
   action for unlawful detainer based on the first subdivision of
   section 3321, Revised Statutes 1899, where the complaint alleges
   that the tenant, defendant, holds the possession of the premises
   sued for after the termination of the time for which they were
   let to him, it is not necessary to allege that demand in writing
   had been made for possession; demand is not required where
   a tenant holds over after the expiration of his term.

2. ————: *Affidavit for Appeal.*   An affidavit for appeal in an
   action of unlawful detainer, in the usual form for affidavit for
   appeal from a judgment of a justice of the peace, which omits
   to say that the appeal is taken "that justice may be done" as
   required by section 3371 in appeal in unlawful detainer, is in-
   sufficient.

3. ————: ————: *Amendment.*   But under section 3385 such
   an affidavit for appeal may be amended in the circuit court
   and appellant should be given opportunity to make such amend-
   ment before his appeal is dismissed.

Appeal from Knox Circuit Court.—*Hon. Charles D.
Stewart,* Judge.

REVERSED AND REMANDED.

*L. F. Cottey* for appellant.

(1) The complaint follows substantially, the form
No. 135, in the appendix of the Revised Statutes of 1899,
and is the form which has been approved in this State
for over fifty years by an unbroken line of decisions.   It
contains every requirement of the statute for actions of
unlawful detainer, as provided for in the first part of
section 3321 of the Statutes of 1899.   The rule of *stare
decisis* is eminently applicable to this case.   The follow-
ing cases will be sufficient to illustrate the rule of prac-
tice in this State upon this question:   Ish v. Chilton, 26

Mo. 256; Alexander v. Wescott, 37 Mo. 108; Cabanne v. Spaulding, 14 Mo. App. 312; Witte v. Quinn, 38 Mo. App. 681; Bradforn v. Tilly, 65 Mo. App. 181; Tucker v. McClenny, 103 Mo. App. 318.     (2) If the tenant holds over after the termination of the time for which the premises were let to him, as alleged in the complaint in this case, he is subject to a suit for unlawful detainer, as provided for in the first part of section 3321, without any demand in writing for the delivery of the possession of the premises.     Young v. Smith, 28 Mo. 65; Hyde v. Goldsby, 25 Mo. App. 29; Anderson v. Mc-Clure, 57 Mo. App. 93; Butts v. Fox, 96 Mo. App. 437; Real Estate Co. v. Heidbrink, 112 Mo. App. 434; Ray v. Blackman, 97 S. W. 212.     (3) The attempted appeal in this case was insufficient to give the circuit court jurisdiction of the subject-matter of the suit, because the affidavit and recognizance were according to the forms prescribed in the general practice act for justices of the peace, and did not conform to the requirements of the forcible entry and detainer chapter. Schwoerer v. Christophel, 64 Mo. App. 83; Johnson v. Fischer, 56 Mo. App. 556; Hastings v. Hennessey, 52 Mo. App. 172; Patchin v. Durett, 116 Mo. App. 437.

*Balthrope & Smith* for respondent.

The statement of the plaintiff filed before the justice of the peace in this cause is not sufficient, to inform the defendant, respondent, of the section of the statute under unlawful detainer she is claiming the right to the possession of the premises described.     For the complaint fails to state any contract of tenancy, between the parties showing the time of the beginning or ending of such tenancy as required under section 4111 of the Landlord and Tenant Act of Revised Statutes 1899, and required under the first clause of section 3321 of the Forcible Entry and Detainer Act, Revised Statutes 1899, which would obviate the necessity of

giving a written notice and demand before the beginning of an action of unlawful detainer, and the complaint fails to state the giving of any notice or demand for possession as required under section 4109 and 4110 of the Landlord and Tenant Act, as required by the second clause of said section 3321 of the Unlawful Detainer Act. Andrae v. Heinritz, 19 Mo. 311; Building and Loan Association v. Murphy, 75 Mo. App. 59 and 61; Alexander v. Westcott, 37 Mo. 108.

BLAND, P. J.—The action is for unlawful detainer. The complaint is as follows (omitting caption):

"Lula M. Campbell complains to Horace H. H. St. John, a justice of the peace within and for the county of Knox, and State of Missouri, that on the second day of March, 1906, she was the owner and had the legal right to the possession of the following described lands situate in the county of Knox and State of Missouri, to-wit: The east half of the northwest quarter of section eighteen (18), township sixty-two (62) north, range eleven (11) west, except thirty-eight and 87-100 acres off of the north end thereof, and except that part lying east of the Millport and Edina public road; and also a small tract lying immediately south of the above described premises, and all fenced in the same field and meadow and under the same fence, and containing in all one hundred acres of land more or less; and that the defendant, John Johnson wilfully and without force holds the possession of the above described land and premises after the termination of the time for which they were let to him; and now at the date of the bringing of this suit, holds such possession of said premises. The complainant further states that she has sustained damages by reason of the unlawful detainer aforesaid, in the sum of one hundred and fifty dollars ($150), and that the value of the monthly rents and profits of said tenements is twenty-five dollars ($25) per month.

"Wherefore the complainant prays judgment of restitution and for her damages, and the value of the monthly rents and profits of the premises aforesaid."

A change of venue was taken by defendant from Horace H. H. St. John, J. P., and the cause was sent to Adolph Schierbrock, J. P., in the same county, before whom a trial was had resulting in a verdict and judgment for plaintiff.    Defendant appealed to the circuit court, in which court he filed the following motion (omitting caption):

"Now comes the defendant and moves the court to dismiss this cause appealed from Adolph Schierbrock, a justice of the peace of Center Township, county and State aforesaid, and for grounds of motion assigns the following reason:

"First.    Because the complaint filed before said justice as the basis of this suit does not state sufficient facts to constitute any cause of action against the defendant, in that it does not allege that plaintiff was entitled to the possession of premises described in complaint at the time of filing of the same nor at the time of the bringing of this suit, and the complaint does not allege and charge the giving of the statutory notice and demand for possession of the premises or allege any rental contract which would obviate the necessity of giving such notice.

"Second.    Because there is not sufficient or any facts stated in the complaint to give the justice jurisdiction in the premises over the subject-matter.

"Third.    Because this court has no jurisdiction in the premises."

The court sustained the motion and dismissed the cause.    Plaintiff took the usual and proper steps to preserve her exceptions and then appealed to this court.

The action is based on the first subdivision of section 3321, Revised Statutes 1899.    The complaint follows this subdivision and avers every fact essential un-

der it to entitle her to recover; it is also a copy of form No. 135, in the back of the first volume of the statutes, except it omits the following clause: "After demand made in writing for the delivery of the possession thereof." It is only necessary to incorporate this clause in a complaint when, under the law, a demand in writing is essential to terminate the tenancy. The tenant who wilfully holds over after the termination of his tenancy is not entitled to written notice to deliver possession to his landlord, and such notice is not required to entitle the landlord to bring his action for unlawful detainer. [Young v. Smith, 28 Mo. 65; Alexander et al. v. Westcott, 37 Mo. 108; Witte v. Quinn, 38 Mo. App. 681; Anderson v. McClure, 57 Mo. App. 93; Leahy v. Lubman, 67 Mo. App. 191; Laummeier v. Stecl, 77 Mo. App. 456; Butts v. Fox, 96 Mo. App. 437, 70 S. W. 515; Real Estate Co. v. Heidbrink, 112 Mo. App. l. c. 434, 86 S. W. 1109.] On the allegations of the complaint, if plaintiff can show that defendant was her tenant and that after the termination of his term he wilfully held over, she will be entitled to judgment; hence the court should have overruled the motion to dismiss. Plaintiff contends that the affidavit for the appeal from the justice's court was not sufficient to confer jurisdiction on the circuit court, and for this reason the court should have sustained her motion to set aside the order dismissing the suit and to dismiss the appeal. Omitting caption, the affidavit for appeal from the justice's court is as follows:

"John Johnson, being duly sworn, upon his oath says that his application for an appeal is not made for vexation or delay, but because he believes the appellant to be injured by the judgment of the justice and that this appeal is from the merits.

"JOHN JOHNSON,
Appellant.

"Sworn to and subscribed before me this seventeenth day of May, A. D. 1906.

"ADOLPH SCHIERBROCK,
"Justice of the Peace."

In unlawful detainer suits the statute (sec. 3371) requires that the affidavit shall state, "that the affiant verily believes that the appellant is aggrieved by the judgment of the justice, and that he does not take the appeal for vexation or delay, but that justice may be done." The affidavit does not conform to the provisions of this statute. But under section 3385, the defendant may amend his affidavit, and the opportunity to do so should be given him before any order is made dismissing his appeal. The judgment is reversed and the cause remanded. All concur.