STILLWELL, *Trustee, Appellant,* v. GLASSCOCK.

Contract: PUBLIC POLICY. Plaintiff, defendant, and others, were the owners of lands imperfectly protected from the overflow of the Mississippi river by a levee. The latter was maintained by taxes assessed against those lands situate within the Sny Island Levee Drainage District, and the fund sued for was subscribed by defendant to be used in aid of and to enforce the prompt payment of the

Stillwell v. Glasscock.

taxes by purchase of lands so assessed, at delinquent-tax sales, and thereby to furnish money to repair and maintain the levee, and to protect the land.  *Held*, that the contract of subscription was not illegal, as being contrary to public policy.

*Appeal from Hannibal Court of Common Pleas.—* HON. THEO. BRACE, Judge.

REVERSED.

*Harrison & Mahan* for appellant.

(1) The demurrer should have been overruled. Plaintiff, as trustee, had incurred expenses and assumed liabilities in consequence of the subscription; besides, defendant, as well as the other land owners, was personally interested in having the levee maintained and repaired, and the land protected from overflow.  It was an undertaking for mutual benefits.  The contract of subscription was valid and binding on defendant.  *Pitts v. Gentle*, 49 Mo. 74; *Workman v. Campbell*, 46 Mo. 305; *Koch v. Lay*, 38 Mo. 147; *Southern Hotel Co. v. Chouteau*, 53 Mo. 572; *McClure v. Wilson*, 43 Ill. 356; *Trustees v. Garvey*, 53 Ill. 401; *Barnes v. Perrine*, 9 Barb. 202; *Gettings v. Mayhew*, 6 Md. 113; *Comstock v. Howd*, 15 Mich. 237; *Lathrop v. Knapp*, 27 Wis. 214; *Watkins v. Eames*, 9 Cush. 537; *Caul v. Gibson*, 3 Pa. St. 416; *Cooper v. McCrimmin*, 33 Tex. 383; *George v. Harris*, 4 N. H. 535.    (2) The contract of subscription was not in violation of law and against public policy. It was not a combination to prevent competition, or to deter others from bidding at delinquent-tax sales; the effect was rather to induce land owners to attend the sales and pay their taxes, and thus maintain the levee. There is nothing in law or morals to prevent parties from uniting together in good faith to purchase property when advertised for sale.    *Smith v. Ullman*, 15 Cent. Law Jour. 350; *Small v. Jones*, 1 Watts & Serg. 129;

*Pratt v. Oliver*, 3 McLean C. C. 301; *Kearney v. Taylor*, 15 How. 494, 519, 520.

*T. H. Bacon* for respondent.

(1) Contracts opposed to public policy are never enforced by the courts. *Peltz v. Long*, 40 Mo. 532; *O'Shea v. Collier*, 42 Mo. 397; *Thompson v. Rosenfeld*, 42 Mo. 474; *Long v. Towl*, 42 Mo. 545; *Land v. Coffman*, 50 Mo. 255; *Porter v. Jones*, 52 Mo. 399. (2) "Any agreement which, in its object or necessary operation,. tends to diminish competition for anything, the sale of which is controlled by the public, is void." Rule 171, Greenhood on Public Policy, p. 178; *Gibbs v. Smith*, 115 Mass. 582; *Woodworth v. Bennett*, 43 N. Y. 273,. 275. (3) The cases which have arisen in this state refer to public sales at the instance of citizens, and they state the conditions of affirmative relief from oppression arising from syndicate bidding at such sales. *Wooten v. Hinkle*, 20 Mo. 290; *Hook v. Turner*, 22 Mo. 333; *Stewart v. Severance*, 43 Mo. 334; *Durfee v. Morgan*, 57 Mo. 374, head note 4, and p. 379; *Boyd v. Jones*, 60 Mo. 454.

SHERWOOD, J.—Action on a contract of subscription signed by defendant, and a large number of other land owners, including plaintiff, in the Sny Island Levee Drainage District, in the state of Illinois, each subscriber setting the sum subscribed opposite his name, the defendant thus subscribing the sum of one hundred dollars; the purpose of the subscription being the maintenance and repairs of the levee, and a more perfect reclamation and protection of the lands embraced within the Sny Island Levee Drainage District.

Plaintiff and defendant, and others, were owners of these lands, which lands were imperfectly protected from overflow of the waters of the Mississippi river, by a levee. The levee was maintained by taxes assessed

against these lands situated within the Sny Island Levee Drainage District, and the fund was subscribed by defendant to be used in aid of and to enforce the prompt payment of these taxes, by purchase of lands so assessed, at delinquent-tax sales, and thus furnish the money to repair and maintain the levee, and protect the land. Amos J. Stillwell was appointed trustee, to receive the funds subscribed, and apply the same to the purchase of lands at such delinquent-tax sales. He accepted the trust, purchased lands at these delinquent-tax sales, and contracted other debts in the execution of the trust, relying upon the faithful payment of this subscription. The defendant failed to pay the amount he had subscribed, and plaintiff brought this suit.

The defendant successfully demurred to the petition, setting forth, in substance, the foregoing facts, on the ground that the petition did not state facts sufficient to constitute a cause of action, and the plaintiff appeals here. The ground relied on in this court, to sustain the action of the court below, is that the contract made is contrary to public policy. I discover nothing in the facts stated to warrant this conclusion. There is nothing in those facts from which it can be inferred that the subscribers harbored any intention of combining together to depress bidding, when the tax sales should occur, or in any other reprehensible manner to take any unlawful advantage. Their enterprise and venture, it may well be supposed, they anticipated would result profitably to themselves, and would promote the principal object set forth in the contract of subscription, to-wit: the maintaining of the Sny Island levee, thus protecting their large landed interests from disastrous overflow. If other land owners than themselves did their duty, and paid their proper proportion of the taxes assessed for the common protection, no lands would be sold for taxes, and no injury could result. If, on the contrary, other land owners failed to bear their share of

the common burden, it was entirely proper that they should be compelled to pay the penalty for their dereliction of duty ; and I see no reason, founded on either law or morals, why it was not as competent for the subscribers to bid in such lands at tax sales, if done openly and above board, at public vendue, as it was for any one else to do the like.   The law encourages the largest competition at all sales made under its mandates, and so long as the principle already announced is not transgressed, those whose office it is to administer the law, will have no call to bestride the "unruly horse" of public policy.    Potter's Dwarr. 215 ; *Richardson v. Mellish*, 2 Bing. 229.   The case of *Biser v. Dameron*, 88 Mo. 82, bears no resemblance to the one at bar.

The authorities cited by plaintiff fully support the views herein announced, and the judgment is reversed and the cause remanded.   All concur.