Stilwell v. Glascock.

RICHARD H. STILWELL, Administrator of the Estate of AMOS J. STILWELL, Deceased, Respondent, v. WILLIAM GLASCOCK, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. Practice, Appellate : RES ADJUDICATA. A question determined upon the first appeal of a cause is not open to reargument upon a second appeal; this is all the more so when the first appeal was determined by the supreme court and the second is taken to this court.

2. Contracts : FORFEITURE. A provision in a contract of subscription to a fund, that non-payment of the sum subscribed should work a forfeiture of the benefits to which the subscription entitled the subscriber, but should not exonerate the subscriber from liability for his subscription, is valid ; and the subscription is enforceable, notwithstanding that the subscriber is denied such benefits owing to such non-payment on his part.

3. Parties : TRUSTEE OF AN EXPRESS TRUST. When the title to a fund is vested in a person for the benefit of others, he is the trustee of an express trust, and can maintain a suit for an amount due him as such trustee without joining those beneficially interested in the fund.

*Appeal from the Hannibal Court of Common Pleas.*
HON. G. PORTER, Special Judge.

AFFIRMED.

*R. M. Lakenan*, for appellant.

*Harrison & Mahan*, for respondent.

ROMBAUER, P. J.—This is the second appeal of this case. The first appeal was taken to the supreme court by the plaintiff from a judgment, sustaining a demurrer to his petition, and the opinion of that court reversing the judgment is reported in 91 Mo. 658. The present appeal is taken by the defendant from a judgment of the trial court sustaining a demurrer to his answer, and making a final judgment against him upon the hearing of the evidence. The appeal was also taken to the supreme court, but was transferred by it to this court as the court properly having jurisdiction of the appeal.

Questions determined by the supreme court on the first appeal are not open for argument now, because such questions cannot be reargued on a second appeal in any case. *Adair Co. v. Ownby*, 75 Mo. 282. The fact that, under the constitution, the opinion of the supreme court is binding upon us, as the last controlling decision of the question presented, would necessarily preclude such review, even if we had otherwise the power to enter upon a re-examination of the question.

The plaintiff's petition, which is now before us, is the identical petition which was before the supreme court in *Stillwell v. Glasscock*, 91 Mo. 658. The supreme court then decided that the petition did state a good cause of action. The only point, therefore, open for our consideration is whether the answer demurred to states a good defense, and whether the recovery was warranted in amount.

The petition, as construed by the supreme court, is one to recover the subscription of $100 made by the defendant, he being one of a number of subscribers for the purpose of "the maintenance and repairs of the levee, and a more perfect reclamation and protection of the lands embraced within the Sny Island Levee Drainage District." Amos J. Stilwell was appointed trustee for

the subscribers by the contract of subscription, which provided, among other things in substance, that the trustee should receive and use the funds for the purchase of land within the levee district, offered at sales for delinquency of assessments ordered by the commissioners ; that the respective interests of the subscribers in the funds should be such as the sum subscribed *and paid* by each bore to the aggregate sum subscribed and paid, and that non-payment of the sum subscribed prior to a day named should work a forfeiture of the subscriber's interest, but not an exoneration from his liability. The contract further provided that the expenses of the trust should be directed and paid by the trustee ; that they, together with a reasonable compensation to to him for his services, should be a charge against the fund ; and that the balance should be distributed among the subscribers as their interests might indicate.

The answer, which was adjudged insufficient, is as follows :. "The defendant for answer admits the execution of the contract alleged, but says that said agreement was and is void, because the same is against public policy in this, that it is a combination for the purchase of lands at delinquent tax sales, to-wit, sales of land for taxes imposed to furnish revenue for supporting government, state and municipal, with which taxes the delinquent levee assessments mentioned in said contract have no connection, and the purchases alleged were made at said sales for general taxes.

"The defendant says that up to the time of the filing of the petition the plaintiff repudiated the trust alleged by him, so far as defendant is concerned, and denied defendant's interest in said lands, and demanded of defendant the payment of said $100 so claimed, while at the same time plaintiff denied the defendant any interest in said land or trust."

It will be seen at a glance that the first paragraph of the answer is a mere reargument in another form of questions raised by the defendant's demurrer in the

first instance. As to so much of the answer, therefore, the plaintiff's demurrer was rightly sustained under the decision of the supreme court. The second para- agraph of the answer likewise states no defense. The contract provides that, if the defendant did not pay his assessment by a day certain, he should forfeit all interest in the trust fund, but should not on that account be exonerated from further liability. Provis- ions of that kind are not uncommon, but, even if they were, the contract is one fairly entered into, is the defendant's own contract, and he is concluded by its terms. The answer admits that the defendant has failed to pay his subscription or any part thereof. The plaintiff could not deny any trust obligation to the defendant, or any rights of the defendant in the fund or lands, when it stands admitted that the defend- ant never acquired any such right by payment of his subscription or part thereof. That part of the answer, therefore, disproves itself.

Touching the measure of the recovery the defend- ant's contention is equally untenable. That the plain- tiff had legal capacity to sue, is admitted by the general demurrer. *Bulklcy v. Iron Co.*, 77 Mo. 105. It is true, as the defendant contends, that that does not necessa- rily admit the right of extent of recovery, and that advantage may still be taken of such defect at the trial by having the damages apportioned. *Thompson v. Railroad*, 80 Mo. 521. But, when the title to a fund is vested in one for the benefit of others, he becomes a trustee of an express trust under the statute, and may sue alone without joining those beneficially interested with him. *Kuhl v. Meyer*, 35 Mo. App. 206.

We are asked to affirm the judgment with damages. In view of the fact that all questions of law were adjudged against the defendant on the first appeal, and that the present appeal raises points of law only which are equally untenable, the case is one wherein the judgment should be affirmed with damages. Affirmed with ten-per-cent. damages. All the judges concur.