JAMES J. McMANUS, Appellant, v. HIRAM WATKINS
*et al.*, Respondents.

Kansas City Court of Appeals, November 20, 1893.

1. **Appellate Practice**: MATTERS NOT IN MOTION FOR NEW TRIAL.
Errors not referred to in the motion for a new trial will not be considered on appeal.

2. **Warranty**: WORKING SATISFACTORILY: EVIDENCE. An action on
the warranty of a machine will not be defeated by a paper signed
after the sale, stating that the machine was working satisfactorily,
and such paper does not estop the warrantee from the setting up of a
breach of warranty, and testifying to matters inconsistent with such
paper; nor will such paper be excluded in this case, because it prevented plaintiff from claiming back from the machine company, nor
because it was an injury to plaintiff to have the admission in the
report disproved.

*Appeal from the Gentry Circuit Court.*—HON. A. M.
WOODSON, Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

(1) "The mere failure of a party to a contract,
who labors under no disability or infirmity, through
his own fault and neglect, to read it or inform himself
as to its contents, is not sufficient to annul or overcome
its legal effect as to him." *Gwin v. Waggoner*, 98 Mo.
315; *Black River Lumber Co. v. Warner*, 93 Mo. 374;
*Huse v. McQuade*, 52 Mo. 388; *Johnson County v.
Wood*, 84 Mo. 489; *Clark v. Diffenderfer*, 31 Mo. App.
232; *John T. Hair & Co. v. Walmsley*, 32 Mo. App.
115; *Reed v. Nicholson*, 37 Mo. App. 646. (2) Plaintiff's instruction number 4, found at bottom of page

19, should have been given. If it was not error to refuse this instruction, then it was error to admit the report in evidence. It was the duty of the court in some manner to instruct the jury what weight should be given to the report. I contend that this report, made by an intelligent man who could read and write, was sufficient to estop the defendants from claiming a breach of the warranty. It embraces all of the evidence of estoppel, in this: *First*. It was an admission inconsistent with the evidence of Watkins that the machine did not do good work. *Second*. It prevented McManus from reclaiming back from the Whitely Machine Company because his customer had accepted the machine. *Third*. It was an injury to plaintiff to have the admission in the report disproved, and resulted in a judgment against him. *Taylor & Mason v. John and Jacob Zepp*, 14 Mo. 482; *Newman v. Hook*, 37 Mo. 207; *Hundley v. Filbert*, 73 Mo. 34; *Mateer v. Railroad*, 105 Mo. 320.

*McCullough & Peery* for respondents.

Upon the merits of the case there is no merit in this appeal. The evidence was ample to support the verdict. The issues were fairly presented by the instructions. The only question that could arise is upon the paper or report offered by plaintiff and claimed to constitute an estoppel on the part of the defendant. As to this point appellant is concluded by a decision of this court in a case in all respects like this one. It would, in fact, be difficult to find two cases more nearly alike. *Fairbanks v. DeLissa*, 36 Mo. App. 711. That case also disposes of any question arising on the evidence in the case at bar. And we submit this case so far as the merits are concerned, by simply calling attention to the former opinion.

ELLISON, J.—Plaintiff seeks to recover the amount of a note given by defendant to plaintiff as a part of the purchase price of a twine binder. Defendant defends on the ground that the binder was warranted to do good work and that it failed to do so and that defendant returned it to plaintiff. There was a judgment for defendant and plaintiff comes here.

We are precluded from giving attention to much of the brief and argument of plaintiff aimed at alleged errors in the trial below, for the reason that plaintiff failed to refer to such errors in his motion for a new trial. The motion for new trial complains only of the giving of defendant's instructions 1 and 2 and the refusal of plaintiff's instruction number 4; and of permitting two witnesses to testify to the statements made by one McGuff, as to what was to be contained in a written report which was signed by defendant. The exception to the two instructions given for defendant is not pressed on this appeal and we will, therefore, consider the two remaining objections.

The instruction refused for plaintiff was, in effect, a direction to the jury to find for plaintiff. Defendant had signed a written paper on the twenty-fifth of June, 1890, stating that the machine was "working satisfactorily." The instruction declared that if the jury believed such was the case, that then defendant was estopped from setting up a breach of warranty and the finding should be for plaintiff. Plaintiff for his reasons in support of this says: *First.* That the admission was inconsistent with the evidence of the defendant. This may be readily granted, and yet it is no reason why the jury should not be left at liberty to consider the whole evidence in connection with this admission. *Second.* That this acknowledgment that the machine was working satisfactorily prevented plaintiff "from

reclaiming back from the Whitely Machine Company." There is nothing in the case to show what contracts or rights existed on plaintiff's part against the Whitely Machine Company, or, indeed of any relation whatever existing between them. *Third.* That "it was an injury to plaintiff to have the admission in the report disproved." Conceding this, it was only such an injury as results to any party from the consideration of competent testimony.

We have found no objection to the trial which would justify our interference and we affirm the judgment. All concur.