T. J. QUERBACH, Plaintiff in Error, v. P. C. ARNOLD, Defendant in Error.

Kansas City Court of Appeals, December 4, 1893.

Appellate Practice: NO CHANGE OF THEORY. The appellant must abide by the case he presents to the trial court, and stand in the appellate court upon the theory he presents below.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Wm. Henry* and *J. J. McAnaw* for plaintiff in error.

(1) The contract of sale transfers title when the price was ascertained by invoice. Blackburn on Sales, star, p. 124; Benjamin on Sales, p. 125. (2) Vendor

lost his lien when he parted with possession. Blackburn on Sales, star, p. 124; Benjamin on Sales, sec. 1182. (3) Recaption of goods rescinds the contract, when made in pursuance of such offer on part of vendor.

*Thos. E. Turney* for defendant in error.

(1) In actions at law the finding of facts by the trial judge are as binding upon the appellate court as are the finding of facts by a jury. *Handlan v. McManus*, 100 Mo. 124. It is only claimed that the weight of the testimony shows the sale to have been conditional. This court would not reverse, even if it believed the claim to be well founded. *Walton v. Railroad*, 40 Mo. App. 544; *City of St. Louis v. Lannigan*, 97 Mo. 175. An examination of the testimony will show that the claim is not well founded. (2) A case cannot be tried on one theory below and on an entirely different one in the appellate court. *Capital Band v. Armstrong*, 62 Mo. 59; *Walker v. Owen*, 79 Mo. 563; *Nance v. Metcalf*, 19 Mo. App. 183; *Corn v. City of Cameron*, 19 Mo. App. 573; *Fell v. Mining Co.*, 23 Mo. App. 216. Every declaration of law asked by the plaintiff was given by the trial court. No declaration was asked by the defendant.

ELLISON, J.—This an action for money had and received. The answer was a general denial. The trial was without the aid of a jury and the finding of the court was for the defendant.

It appears that plaintiff and defendant were negotiating for the sale of defendant's stock of hardware to plaintiff. That an invoice was made and possession turned over to plaintiff and retail sales carried on by him for several days. That, the invoice amounting to more

than he expected, he went to Illinois to see if he could raise sufficient money to pay for the stock. He ascertained that he could not and so wrote to defendant. Defendant then took charge of the store. At the beginning of the negotiation for the sale, and before the invoice was fairly begun, plaintiff paid defendant $1,000 on the purchase. It is this sum for which this action was instituted.

The sole question tried by the circuit court, so far as we can gather from the record, was whether the sale was conditional or unconditional. This was the theory upon which plaintiff tried the cause. He asked declarations of law relating solely to such theory. The court gave the declarations but found against him on the facts. Plaintiff now abandons that theory in this court and seeks a reversal of the judgment on other grounds. This he cannot do. Perhaps no question has been more frequently decided by the appellate courts of this state than that the appellant must abide by the case he presents to the trial court, and stand here upon the theory he presents there.

The judgment will be affirmed. All concur.