JOHN E. SENATE, Respondent, v. THE CHICAGO, MIL-
WAUKEE & ST. PAUL RAILWAY COMPANY,
Appellants.

Kansas City Court of Appeals, March 26, 1894.

1. **Appellate Practice:** SECOND APPEAL: AFFIRMANCE. Where, after
an appeal, the trial court conforms strictly to the opinion of the
appellate court, and the evidence justifies the verdict, the judgment
will be affirmed.

2. **Railroads:** KILLING STOCK: SUFFICIENCY OF PETITION: NEGLIGENCE.
A general averment of negligence is sufficient and an allegation
specifying the act, the doing of which caused the injury, and averring
generally that it was negligently and carelessly done, will suffice, and
the petition in this case is held good, notwithstanding its surplusage,
as charging negligence in operating the train and carelessly running
over a mare, when the same could have been avoided by the exercise
of proper care after the situation was discovered.

*Appeal from the Sullivan Circuit Court.*—HON. W. W.
RUCKER, Judge.

AFFIRMED.

*Davis, Loomis & Davis* for appellant.

(1) The petition does not state facts sufficient to
constitute a cause of action. It does not allege defend-
ant's servants in charge of the train saw the mare upon
the track, nor that, after seeing the mare upon the
track, they could have stopped the train and have
averted the injury by the exercise of proper care.
*Waldheir v. Railroad,* 71 Mo. 514, 516, 517; *Current v.
Railroad,* 62 Mo. App. 65; *Jewett v. Railroad,* 38 Mo.
App. 48; *Wallace v. Railroad,* 74 Mo. 594; *Senate v.
Railroad,* 41 Mo. App. 297; *Fitzgerald v. Railroad,* 18
Mo. App. 391. (2) The instructions given for plain-

tiff submits to the jury, issues not made by the pleadings. The instructions should confine the jury to the negligence alleged in the petition. *Waldheir v. Railroad*, 71 Mo. 516; *Merrett v. Poulter*, 96 Mo. 240; *Nall v. Railroad*, 97 Mo. 74; *Bender v. Dungan*, 99 Mo. 130. (3) The negligence proved at the trial, if any, is not the negligence alleged in the petition as a ground of recovery and is inadmissible. *Conway v. Railroad*, 24 Mo. App. 235; *Harty v. Railroad*, 95 Mo. 368; *Gurley v. Railroad*, 93 Mo. 445; *Edens v. Railroad*, 72 Mo. 213.

*D. M. Wilson* for respondent.

(1) The decision of an appellate court on the appeal of a cause furnishes the law of the cause, if it is remanded and retried. *Crawford v. Spencer*, 41 Mo. App. 96; *Atkison v. Dixon*, 96 Mo. 577. (2) Stripped of all unnecessary verbiage the petition alleges that defendant willfully (that is intentionally), recklessly, and negligently * * * ran its train * * * with great noise, which frightened plaintiff's mare * * * and to escape therefrom * * * she ran upon the track * * * some forty rods * * * and while on said track * * * said train killed her * * * while it was running * * * with great negligence * * * and not halting or checking up; and that by the * * * recklessly and negligently killing said mare as aforesaid * * * well knowing the danger at the time, and prior thereto, plaintiff is damaged, etc. It does state a cause of action on which plaintiff can recover under the evidence. McQuillin's Pleading and Practice, secs. 305–309.

GILL, J.—This case is here on a second appeal. Its former disposition is reported in 41 Mo. App. 295. The suit is for the value of a mare run over and killed

by one of the defendant's freight trains at a station called Harris. As will appear by consulting our first opinion, we sustained the former appeal of the railroad company, reversed the judgment and remanded the cause, because of an erroneous instruction on the merits of the case. Another trial has been had in the circuit court, resulting as before in a verdict and judgment for plaintiff in the sum of $100, and the defendant has again appealed.

I. After a careful consideration of this record we are unable to discover any substantial ground for again sending this case back. On practically the same evidence as here presented, we declared, at the former hearing, the case to be one of ordinary common law negligence—as one of that class where the railroad company is liable only for a failure to make every reasonable exertion to avoid injury to the animal after discovering its perilous condition. So we remanded the cause with this specific advice as to a future trial: "The jury should have been told that if those operating the train discovered the perilous condition of the mare in time to have averted the injury by the use of every reasonable effort at their command, consistent with the safety of the train, etc., but failed to do so, and injury thereby resulted, then plaintiff should recover." The circuit court has, on this second trial, conformed strictly to the opinion heretofore given—has, on evidence fully justifying it, submitted the case to the jury in the manner indicated, and we must, therefore, consider this controversy as finally settled.

We have not passed unnoticed the objection, now interposed, as to the sufficiency of plaintiff's petition. Although the complaint is clumsily and inartificially drawn, yet we think it sufficient. It is good as a general charge of negligence in operating the train in question. It has been repeatedly declared, "that a

general averment of negligence is sufficient, and that an allegation, specifying the act, the doing of which caused the injury, and averring generally that it was negligently and carelessly done, will suffice." *Mack v. Railroad*, 77 Mo. 232; *Schnieder v. Railroad*, 75 Mo. 295; *Sullivan v. Railroad*, 97 Mo. 113; *Pope v. Cable R'y Co.*, 99 Mo. 400; 1 McQuillin's Pleading and Practice, sec. 305.

Much said in the petition as to the construction of the wire fence along the track where the mare was injured, etc, may be rejected as mere surplusage, and so the parties treated it at the trial. The petition was regarded as one charging negligence in operating the train and carelessly running over the mare when the same could have been avoided by the exercise of proper care after the situation of the mare was discovered.

The judgment will be affirmed. All concur.