AMANDA NELSON et al., Respondents, v. GRAHAM WALLACE, Appellant.

### St. Louis Court of Appeals, April 3, 1894.

1. **Practice Appellate**: EXCLUSION OF CUMULATIVE EVIDENCE. The general rule is that a judgment will not be reversed because of the exclusion of cumulative evidence. But the proper application of this rule depends upon the peculiar circumstances of each case, and the nature of the issue to which the evidence is adduced. And held, that the exclusion of such evidence constituted prejudicial error under the facts of this case.

2. ———: EFFECT OF RULINGS ON FORMER APPEAL. The instructions in a cause are not open to review upon a second appeal to this court, if they are in accordance with the law as declared on the first appeal.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*E. L. Schofield, Tate, Thompson* and *Berkheimer* for appellant.

*John C. Anderson, Blair & Marchand* and *Clay & Ray* for respondents.

BOND, J.—This suit is brought by the plaintiffs, husband and wife, for a slander uttered by the defendant, imputing fornication to the wife before her marriage. The answer justified the speaking of the words charged, and pleaded further in mitigation "that it

was currently reported and generally believed".in the neighborhood where the plaintiff wife lived when single, that she had been guilty of the act charged, and that defendant, believing these reports to be true, and believing further that her brother who was then seeking a nomination for a county office knew of, and had witnesses of, her unchastity, communicated such reports to one Leslie, who was a supporter of the candidacy of plaintiff's brother, without malice and only to induce said Leslie to cease any further support of said brother of plaintiff in the primary election at which he was a candidate. Upon the issues formed there was a trial and judgment for plaintiffs for $1,750, from which judgment this appeal has been prosecuted.

This is the second appeal in this case, it having been before this court at a former term, when a judgment in favor of plaintiffs for $1,800 was reversed for error of an instruction, whereby the jury were told "to consider matters pleaded in mitigation of damages merely for the purpose of reducing the punitive or exemplary damages which they might believe plaintiff is entitled to." *Nelson v. Wallace*, 48 Mo. App. 201. It was then distinctly announced that the "mitigating circumstances" had a double tendency: *First.* To show that the defendant was not actuated by any malice in fact," and hence should not be subjected to punitive damages. *Second.* To reduce the compensatory damages to be awarded, because, as the injury to reputation forms one of the main elements of compensatory damages, one whose reputation is bad is not entitled to the same compensation for a slander still further injuring it, as one whose reputation is good.

The errors assigned on the present appeal relate to the exclusion of evidence, and to the giving and refusal of instructions. The first of these assignments grows out of the rulings of the court in refusing the

testimony of several witnesses in support of the "mitigating circumstances" pleaded in defendant's answer. The action of the court in refusing this testimony of its own motion was based on the fact that three witnesses had testified to the effect proposed on behalf of defendant. The general rule is that a judgment will not be reversed because of the refusal of competent evidence which is merely cumulative, or which only tends to establish a fact conceded by the adverse party. *Clark v. Finn*, 12 Mo. App. * 583; *Morgan v. Wood*, 38 Mo. App. 260; *Claflin v. Sommers*, 39 Mo. App. 419.

The just application of the first branch of this rule depends upon the peculiar circumstances of each case, and the nature of the issue as to which 'the evidence is adduced. In the case at bar the vital question under the defense set up in the answer was the reputation of the plaintiff. That reputation was to be gathered from the testimony of the residents of the community where she then lived. In establishing that reputation it is only reasonable to assume that the testimony of diverse witnesses living at different places in the same neighborhood would afford proof more thorough and satisfactory than that of the three witnesses who had given evidence on this issue. The nature of the inquiry necessarily broadened the sources of the evidence, and entitled defendant to show, if he could, by sufficient witnesses, that the impairment of plaintiff's reputation was not confined to a part, but extended to the whole, of the neighborhood in which she resided. The solution of this issue by the jury presented the measure of defendant's liability. The abandoned reply should also have been admitted. *Anderson v. McPike*, 86 Mo. 293.

Our conclusion is that this ruling of the court deprived the defendant of further testimony, to which he was reasonably entitled under the issues and facts

shown in this record. We think the limitation of the defendant to three witnesses only on the issue as to plaintiff's reputation was prejudicial, and, while we are disinclined to reverse causes for matters in the discretion of the trial court, we can not hesitate, when, as in the present case, that discretion has been improperly exercised.

As this conclusion results in the reversal of the case, we need not pass on the question raised by objection to the instructions, further than to say that the chief point made, *i. e.*, the allowance of vindictive damages in the absence of evidence tending to show express malice, has been relegated to the supreme court for authoritative determination in a recent case. *Fulkerson v. Murdock*, 53 Mo. App. 151. In the case at bar the instructions on this subject were in accordance with the law as declared in this case on a former appeal, and are not, therefore, open to review upon subsequent appeals.

The judgment herein is reversed and the cause remanded. All the judges concur.