W. W. Judy & Company's Surviving Partner, Respondent, v. St. Louis Ice Manufacturing and Storage Company, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Partnership**: DEATH OF MEMBER: EFFECT ON EXISTING JUDGMENT. The rule at common law that, on the death of one member of a copartnership, the surviving partners are entitled to sue for choses in action, has never been abrogated in this state; and under it such surviving partners may enforce a judgment recovered before such death by all the partners.

2. **Death of One of Several Judgment Plaintiffs**: REVIVOR OF JUDGMENT. If one of several judgment plaintiffs dies after the recovery of the judgment, and his administrator thereon enters his apearance in the action, the revival of the cause is a mere conclusion of law, and the absence of a formal order of revivor, therefore, furnishes no ground for complaint on an appeal from the judgment.

3. **Practice, Appellate**: PRESERVATION OF EXCEPTIONS BY MOTION FOR NEW TRIAL. Neither the refusal of the trial court to compel an election between two counts of a petition, nor the propriety of an instruction given by the trial court, can be reviewed by this court on appeal, when neither ruling is assigned as ground for new trial in the motion therefor.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

AFFIRMED.

*Mills & Flitcraft* for appellant.

*C. A. Schnake* for respondent.

BOND, J.—Plaintiffs, Judy & Company, game dealers, stored a quantity of ducks with the defendant, a corporation engaged in the business of preserving game, poultry and other perishable articles, by means

of artificial cold. For this service plaintiff agreed to pay defendant its usual charge therefor. About two weeks after the storage of the last delivery of ducks, one of the plaintiffs had occasion to go to defendant's storage room, and while there examined the condition of said ducks, and found them, according to his testimony, unfrozen on account of want of cold air, and in a bad condition. This witness testified that he demanded their removal, when the president of the defendant corporation insisted upon their remaining and promised to treat them satisfactorily. The evidence tended to show that the ducks were then placed in tanks; that, upon discovering this a few days thereafter, plaintiffs objected to this method of storage as injurious to the shape of the game and causing it to be affected with moisture; that plaintiffs thereupon proposed to store the game with another company, which was done, and where they were kept until plaintiffs desired to use them in their trade, about the sixteenth of January, 1894, when they were found to be so decayed as to have no market value—hence the present suit, to which the defense was unskillful packing and no negligence on the part of defendant. The petition originally contained two counts, one for negligent storage, and the other upon an agreement by defendant to pay plaintiff the cost price of the ducks if they were not kept satisfactorily. After the conclusion of their evidence plaintiff elected to attend on the first cause of action. Defendant objected to the action of the court in refusing to compel plaintiff to elect before offering any evidence. On the trial a verdict and judgment was rendered for plaintiff, from which this appeal was taken.

The appellant's first point is that the death of A. C. Judy, one of the members of the plaintiff firm, after the recovery of the judgment subjected the revival of the action thereafter to section 6023, Revised

Statutes, 1889, where it is provided that, if one or more plaintiffs in the judgment or decree shall die before the same is satisfied or carried into effect, the judgment or decree, if concerning personalty, shall survive to the executors or administrators of such deceased party, and, if concerning real estate, to his or her heirs."

In the case at bar the cause of action accrued to plaintiffs as copartners and members of the firm of Judy & Company. The rule of the common law that, in case of the death of one or more partners of a firm, the surviving partners or partner are entitled to sue for *choses in action* of the copartnership, has not been abrogated in this state. Neither does the section of the statute, *supra*, apply to judgments in favor of partners. *Hargadine v. Gibbons*, 114 Mo. 561. This disposes of the first point made by appellant, which would seem to be otherwise without merit, as the record herein, after showing the death of A. C. Judy, recites, to wit: "Thereupon James T. Farrell, surviving partner and administrator on the estate of W. W. Judy and Company, enters his appearance herein." This record recital shows that the surviving partner did in fact, what he had the clear legal right to do, become the administrator of the partnership estate. R. S. 1889, sec. 56. After his entry of appearance as such administrator in the trial court the revival of the cause was a mere conclusion of law; that no formal entry to that effect was made can not avail appellant, when made the ground of an objection in this court.

The second point insisted upon by appellant grows out of his objection to the action of the court in not compelling respondent to elect which cause of action it would go to trial upon before introducing any testimony. The two counts in plaintiff's petition were not inconsistent, and there could only be one recovery thereunder. Hence there was no right in defendant to

compel an election. *Brinkman v. Hunter*, 73 Mo. 172; *Roberts v. Railway*, 43 Mo. App. 287. In no view is the action of the court in refusing to compel an election before us. Appellant wholly failed to make this exception one of the grounds of its motion for a new trial. It must, therefore, be deemed to have waived any further review of the action of the trial court on that point. *McManus v. Watkins*, 55 Mo. App. 92. For the same reason we are precluded from examining the instruction given by the court of its own motion. Examination of appellant's motion for a new trial shows that no error is assigned therein on account of any instructions given by the court of its own motion, but the errors assigned are confined to other specifically described instructions.

The only remaining question relates to the alleged error of the court in the reception of evidence. After a careful examination of the testimony objected to, as well as the occasion of its admission and the nature of the general objection interposed, we do not find any warrant for putting the trial court in the wrong in overruling said objection. The evidence in question related to the bad condition of other game subjected to the same process of refrigeration. It was brought out on cross-examination of defendant's president, and might be fairly regarded as bearing upon the general knowledge of defendant's officers of the proper method of cold storage. The objection made was merely to the competency of the question.

Finding no reversible error in the judgment, it will be affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.