T. J. QUERBACH, Plaintiff in Error, v. PIZZARO C. ARNOLD, Defendant in Error.

**Kansas City Court of Appeals, December 2, 1895.**

1. **Appellate and Trial Practice:** INSTRUCTIONS. In a trial before the court the only purpose of instructions is to show upon what theory the court disposed of the case; and instructions submitting an hypothesis unsupported by the evidence are properly refused.

2. **Appellate Practice:** WEIGHING EVIDENCE. Appellate courts will not pass upon the weight of the evidence provided there is substantial evidence on which to base the finding.

*Error to the Clinton Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Wm. Henry* and *John J. McAnaw* for plaintiff in error.

(1) In this state of the case, in view of the evidence that defendant had a written proposition by letter of resale of goods on condition of paying to plaintiff $1,000, and that defendant immediately took the goods and converted them to his use and sold them as his own, as supposed in plaintiff's first and second declarations of law, a presumption must arise that defendant took and used the goods, as he lawfully might do, in acceptance of the proposition of plaintiff, and not by trespass and wrongful conversion; for in law the presumption is universal in favor of right acting and in favor of innocence of wrong doing.

*Thos. E. Turney* for defendant in error.

Treated as an original proceeding the court, under the evidence submitted, properly refused the declara-

tions of law asked by plaintiff. *Logan v. Enterprise Inv. and Imp. Co.*, 47 Mo. App. 510; *Cross v. Railroad*, 56 Mo. App. 664; *Benjamin v. Railroad*, 50 Mo. App. 602.

ELLISON J.—A case involving the same transaction now involved was before us once prior to this and will be found reported in 55 Mo. App. 286. The case was then disposed of on the ground that the case had been tried on the theory of a conditional sale and that plaintiff then, in this court, on appeal, abandoned that theory and wanted the judgment reversed on other grounds. We did not enter into the question whether the trial court had disposed of the case as it should have been. We simply held that plaintiff could not abandon the case he presented at the trial and seek a reversal on a different case, or theory, presented here. The judgment in that case was affirmed. Plaintiff, before the case was disposed of here, instituted this suit by petition, in which he sets up that he sold to defendant a stock of hardware for $9,500, he, plaintiff, to be paid therefor by $1,000 in money and by defendant's releasing him from a certain debt which he owed to defendant, and that defendant has failed to pay him said $1,000. The judgment was for defendant, and plaintiff again appeals. The trial was before the court without a jury. In such mode of trial, it has been frequently ruled that the only useful purpose of instructions is to show upon what theory the court disposed of the case. Here there were two declarations asked by plaintiff and refused. The defendant did not ask any. The two asked by plaintiff may very well have been refused on account of their submitting the hypothesis of a sale made of the stock by plaintiff to defendant, by a letter from plaintiff to him, wherein the terms were stated. No such letter appears in evi-

dence. Plaintiff stated in his testimony that, "I went home and could not raise enough means to take the stock and wrote him a letter to that effect, and he still insisted that I should take the stock and refused to return the $1,000.

Again he states that he wrote defendant a letter that he could not take the stock for the lack of means. Again he states that he notified the defendant that he could not take the stock. But in none of this evidence is there stated a sale of the goods.

Considering the case generally, we need only state that we can not pass upon the question as to the weight of the evidence, nor as to the propriety of the finding made, provided there is substantial evidence upon which the finding may be based. An examination of the record here discloses ample testimony to support a finding for defendant, and we can do no less than affirm the judgment. All concur.