MIDLAND ELEVATOR COMPANY, Respondent, v. CLEARY & HAMILTON, Appellants.

Kansas City Court of Appeals, December 5, 1898.

1. **Waiver:** ASSENT TO INSPECTION OF WHEAT: APPELLATE AND TRIAL PRACTICE. Appellant can not complain that wheat was inspected at a different place than that provided in his contract where he at the time assents to such action, nor can he raise such variance from the contract for the first time in the appellate court.

2. **Appelate Practice:** FORMER APPEAL: INSTRUCTION: An instruction approved on a former appeal can not be questioned on a second appeal.

3. ———: MODIFICATION OF INSTRUCTION: WRONGFUL. The insertion in an instruction of the word "wrongful" is held proper in this case, and it is further held that such word needs no definition.

4. **Contracts:** NO. 2 AND NO. 3 WHEAT: MODIFICATION OF INSTRUCTION. An instruction relating to the tender of certain wheat under a contract as No. 2 wheat and the refusal to accept it save as No. 3 wheat is held properly modified by the proviso that the wheat was in fact No. 2 wheat.

5. **Trial Practice:** GIVING AND REFUSING INSTRUCTIONS: FAIR SUBMISSION. The action of the court in giving and refusing instructions is considered and approved, and as every theory of the case was properly submitted to the jury, their verdict was held conclusive.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

HALE & SON, L. A. HOLLIDAY and SIDNEY MILLER for appellants.

(1) Respondent violated this contract when he sent the sample to Kansas City to be graded. The wheat was to be graded in Norborne according to the Norborne grade, as the circuit court decided, and as

this court decided when this case was here before, 56 Mo. App. 268. (2) The court erred in giving instruction number 2 for plaintiff' without qualification. Carder v. Primm, 60 Mo. App. 423; Voegely v. M. & G. Co., 49 Mo. App. 648; Evers v. Schumaker, 57 Mo. App. 454; Gregory v. Sitlington, 54 Mo. App. 60; (3) The court erred in modifying and changing instruction number 5 given for defendant by adding the word wrongfully. Jordan v. Weber Co., 72 Mo. App. 325; Digby v. Ins. Co., 3 Mo. App. 603. (4) The court erred in modifying instruction number 5, given for defendant, by adding the following clause: "Provided you further find that said wheat was in fact No. 2 wheat." (5) There is a direct conflict between instruction number 2 given for plaintiff and number 5 given for defendants. It is also in conflict with number 6 given for defendants. State v. Tatlow, 136 Mo. 678, latter part of decision. (6) The court erred in refusing to give instructions numbers 7, 8 and 9 asked by defendants. Schroeder v. Michel, 98 Mo. 43; Kingman v. Shawley, 61 Mo. App. 54.

MORTON JOURDAN for respondent.

(1) The contention that plaintiff violated the contract by sending the sample to Kansas City for examination and inspection is of very recent birth. McManus v Watkins, 55 Mo. App. 92; Hubbard v. Quisenberry, 52 Mo. App. 527; Vanstone v. Goodwin, 42 Mo. App. 39; Helling v. U. O. of H., 29 Mo. App. 309; Mantz v. McGuire, 52 Mo. App. 136; Querback v. Arnold, 56 Mo. App. 286; Scott v. Nevada, 56 Mo. App. 189; Randolph v. Frick, 57 Mo. App. 400. (2) This case was before this court on a former appeal, Elevator Co. v. Cleary, 56 Mo. App. 268, and at that hearing the instructions were discussed, approved or

criticised. Instruction number 2 of which defendant complains, was on that appeal presented to this court, being on the former appeal number 3, and was expressly approved, 56 Mo. App. 272; Stilwell v. Glasscock, 47 Mo. App. 554; Senate v. Railroad, 57 Mo. App. 223; Nelson v. Wallace, 57 Mo. App. 397. (3) The instructions should be, must be, read and considered together, and as a whole; in their combination and entirety. Meade v. Railroad, 68 Mo. App. 92; Burdoin v. Trenton, 116 Mo. 358; Hughes v. Railroad, 127 Mo. 447; De Weese v. Mining Co., 128 Mo. 423; s. c., 54 Mo. App. 176; Railroad v. Vivian, 33 Mo. 583; Gregory v. Sitlington, 54 Mo. App. 60; Drennan v. Dalincourt, 56 Mo. App. 128; Helm v. Helm, 52 Mo. App. 615. (4) The court properly inserted the word "wrongfully," for the reason that if plaintiff's refusal was right then defendants could not recover. Elevator Co. v. Cleary, 56 Mo. App. 273. The proposition that the word "wrongfully," as used, should have been defined is ridiculous. Warder v. Henry, 117 Mo. 545; Cotrill v. Krum, 100 Mo. 200; Holland v. McCarty, 24 Mo. App. 113; Larimore v. Legg, 23 Mo. App. 645; Miller v. Woolman, 26 Mo. App. 57. (4) There is no conflict between plaintiff's instruction number 2 and defendants' instruction number 5. No dilemma for the jury—no conflict to reconcile. (5) Instruction number 7 was rendered unnecessary by numbers 5 and 6, given for defendants. Number 8 was properly refused, because not the law and not supported by the testimony. The portion of number 8 which was correct was covered by numbers 5 and 6 already given.

SMITH, P. J.—This action is founded on a joint written contract, dated July 30, 1891, whereby the defendants agreed to sell the plaintiff six thousand bushels

Elevator Co. v. Cleary & Hamilton.

of wheat at seventy-six cents per bushel, if No. 2, and seventy-three cents, if No. 3, to be delivered at Norborne within fifteen days. The defense interposed by the answer was that the defendants within the time and at the place required by the terms of the contract tendered the plaintiff the quantity and kind of wheat called for by the contract which plaintiff refused to receive. There was a trial in which plaintiff had judgment, and defendants appealed.

The defendants by their appeal question the judgment on the ground that plaintiff violated its contract when its agent sent a sample of defendants' wheat to Kansas City to be graded, since the same was to be graded at Norborne. It is a sufficient answer to this contention to say that it is disclosed by the undisputed evidence that the defendants consented to this act of the plaintiff's agent and therefore can not be heard to make any complaint on that account. Besides this, the defendants raised no such defense in the trial court either by objection to evidence, instruction or motion. This theory of the defense is for the first time suggested here, but it can not be considered since it is a well settled rule of appellate court practice in cases brought to such courts by appeal or writ of error that they will be restricted in their examination to the theory on which such cases were determined in the trial court. A case of this kind can not be determined by us on a theory different from that on which it was determined in the trial court: Helling v. U. O. of H., 29 Mo. App. 309; Mantz v. Maguire, 52 Mo. App. 136; Querback v. Arnold, 55 Mo. App. 286; Scott v. Nevada, 56 Mo. App. 189; Randolph v. Frick, 57 Mo. App. 400; McManus v. Watkins, 55 Mo. App. 92; Hubbard v. Quisenberry, 32 Mo. App. 459.

WAIVER: assent to inspection of wheat: appellate and trial practice.

The defendants object that the trial court erred in its action giving the plaintiff's instruction number 2.

APPELLATE practice: former appeal: instruction.

When this case was here on a former appeal —56 Mo. App. 272—this instruction was considered and approved and its correctness is therefore not open to question on this appeal.    Stilwell v. Glasscock, 47 Mo. App. 554; Senate v. Railroad, 57 Mo. App. 223; Nelson v. Wallace, 57 Mo. App. 397.

The court at the request of defendants gave six instructions which submitted to the consideration of the jury every conceivable defense to which defendants had any right to make.    The fifth of these was that:

——: modification of instruction: wrongful.

"If the jury find from the evidence that on the morning of August 13, 1891, the defendant Cleary drove to the office of plaintiff in Norborne, Missouri, with a load of the wheat which he claimed to be No. 2 and offered to deliver the same to plaintiff and requested plaintiff to examine and inspect same and that plaintiff's agent, Market, refused to examine or inspect same and refused to accept any of said wheat unless it was delivered as No. 3, then they will find for defendants."    This instruction the court modified by interpolating therein after the name "Market" the word "wrongfully." This the defendants insist was error, but such insistence can not be upheld as will be seen by reference to what was said by us on the former appeal in the case. The word "wrongful" is not a technical word or a term of art nor was it so used in the defendants' instruction.    It was used in its common and ordinary sense and its meaning, it is fair to presume, may be well understood by any person who is competent under the statute to serve on a jury.    No definition was required in such case.    But if the word should have been defined by the court but was not, this constituted no

ground for a disturbance of the judgment.    Warder v. Henry, 117 Mo. 545; Cottrill v. Krum, 100 Mo. 397; Muehlhausen v. Railway, 91 Mo. 333.

Defendants further complain of the action of the court modifying their fifth instruction which was, as modified, as follows:    "If the jury find from the evidence that on the morning of August 13, 1891, the defendant Cleary drove to the office of plaintiff in Norborne, Missouri, with a load of the wheat which he claimed to be No. 2, and offered to deliver the same to plaintiff and requested plaintiff to examine and inspect same and that plaintiff's agent Market refused to accept any of said wheat unless it was all delivered as No. 3, then they will find for defendants, *provided you further find that said wheat was in fact No. 2 wheat.*"    The *italicised* words indicate the modification.    This instruction as modified is most manifestly correct in its enunciation.    If the wheat was, as a matter of fact, No. 2, then plaintiff had no right to refuse an acceptance of it except as No. 3, and this is what the instruction as we understand it declared when modified.

*(margin note: CONTRACTS: No. 2 and No. 3 wheat: modification of instruction.)*

No substantial conflict is perceived between the plaintiff's first instruction and the first, fifth and sixth of the defendants.    These instructions differ somewhat in the form of expression but not in thought.    They plainly told the jury that if the defendants' tender of the wheat was accompanied with a demand that it be accepted as No. 2 to find for plaintiff unless it was in fact No. 2, or, in other words, if the wheat tendered as No. 2 was in fact No. 3 that there was no binding tender.    Nor is any error perceived in the action of the court in refusing defendants' seventh, eighth and ninth.    The instructions given for both

*(margin note: TRIAL practice: giving and refusing instructions: fair submission.)*

plaintiff and defendants, when taken in their entirety, submit every phase of the case to the consideration of the jury. The theory of the defendants' seventh was in effect the same as that of their fifth and sixth. There was no evidence offered to justify the giving of the defendants' eighth, and the same remark is applicable to their ninth. Their sixth correctly asserts a proposition which is incorrectly asserted in their seventh, eighth and ninth.

The case was fully and fairly submitted to the jury by the instructions and therefore the verdict is conclusive on us. The judgment must be affirmed. All concur.